RICHARD E. SIMPSON RS5859
SECURITIES AND EXCHANGE COMMISSION
450 FIFTH STREET, N.W.
WASHINGTON, D.C. 20549
(202) 942-4791

**FILED**

OCT 7 1999

AT 8:30 . . . . . . . . . . . . . M
WILLIAM T. WALSH
CLERK

213

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : |
| Plaintiff, | : |
| v. | : |
| SAM M. ANTAR, ALLEN ANTAR, and BENJAMIN KUSZER, | : |
| Defendants, | : |
| - and - | : |
| RORI ANTAR, SAM A. ANTAR, MICHELLE ANTAR, ADAM KUSZER, SAM KUSZER, SIMON KUSZER, ROSE ANTAR, and SAM M. ANTAR, | : Civ. No. 93-3988 : (HAA) |
| Relief Defendants. | : **AMENDED AND** |
| | : **SUPPLEMENTAL** |
| | : **COMPLAINT** |
| SECURITIES AND EXCHANGE COMMISSION, | : |
| Plaintiff, | : |
| v. | : |
| ROSE ANTAR, ELLEN ANTAR KUSZER, JILL ANTAR, R.A.S. PARTNERSHIP, L.P., and S.T. PARTNERSHIP, L.P., | : |
| Relief Defendants. | : |

Plaintiff Securities and Exchange Commission (the "SEC")
alleges as follows:

### THE PARTIES' ADDRESSES

1.    The SEC is located at 450 Fifth Street, N.W.,
Washington, D.C. 20549.  The address of Rose Antar, R.A.S.
Partnership, L.P. and, on information and belief, S.T.
Partnership, L.P., is 717 Ocean Avenue, Unit No. 710, West End,
New Jersey 07740.  Ellen Antar Kuszer's address is 2128 East
Third Street, Brooklyn, New York 11223.  Jill Antar's last known
address was 224 Park Avenue, Oakhurst, New Jersey 07755.

### INCORPORATION BY REFERENCE
### OF PRIOR COMPLAINT

2.    The SEC incorporates by reference paragraphs 1 through
83 of its amended complaint filed in this action on April 24,
1997.

### JURISDICTION AND VENUE

3.    The Court has jurisdiction over this action pursuant to
Sections 20(b) and 22(a) of the Securities Act of 1933 (the
"Securities Act") [15 U.S.C. §§ 77t(b), 77v(a)], Sections
21(d)(1) and 27 of the Securities Exchange Act of 1934 (the
"Exchange Act") [15 U.S.C. §§ 78u(d)(1), 78aa], and the Court's
ancillary equitable jurisdiction.

4.   Venue is proper in this District pursuant to Section 22 of the Securities Act [15 U.S.C. § 77v] and Section 27 of the Exchange Act [15 U.S.C. § 78aa].

## THE PARTIES

5.   The SEC brings this action pursuant to the enforcement authority conferred on it by Section 20(b) of the Securities Act [15 U.S.C. § 77t(b)] and Sections 21(d) and (e) of the Exchange Act [15 U.S.C. § 78u(d) and (e)].

6.   Relief defendant Rose Antar is the wife of Sam M. Antar, who is a defendant in this civil enforcement action.

7.   Relief defendant Ellen Antar Kuszer is the daughter of Sam M. Antar and the wife of Benjamin Kuszer, who is a defendant in this action.

8.   Relief defendant Jill Antar is the wife of Allen Antar, who is a defendant in this action, and the mother of Rori Antar, Sam A. Antar and Michelle Antar, who are relief defendants in this action.

9.   R.A.S. Partnership, L.P. (the "R.A.S. Partnership") purports to be a New Jersey limited partnership.

10.  On information and belief, S.T. Partnership, L.P. (the "S.T. Partnership") purports to be a New Jersey limited partnership.

3

## RELATED PERSON

11.   Eddie Antar is the son of Sam M. Antar, the brother of
Allen Antar, and the brother-in-law of Benjamin Kuszer.  Eddie
Antar was the Chief Executive Officer, President and Chairman of
the Board of Crazy Eddie, Inc., an electronics retailing chain
that at its peak operated forty stores in the greater New York
metropolitan area.

## FACTS

### I.   THE COURT FOUND THE DEFENDANT AND RELIEF DEFENDANTS LIABLE FOR DISGORGEMENT.

12.   On July 15, 1998, the Court presiding over this action
issued an Opinion in favor of the SEC on all of its claims and
held that Sam M. Antar, Allen Antar and Benjamin Kuszer engaged
in insider trading in violation of Section 17(a) of the
Securities Act, Section 10(b) of the Exchange Act and SEC Rule
10b-5 in connection with their sales of stock in Crazy Eddie.
The Opinion was based on a 22-day bench trial in September and
October 1997.  The Court found that Sam M. Antar, Allen Antar and
Benjamin Kuszer participated in and knew of an extensive,
multifaceted fraud at Crazy Eddie beginning in the 1970's and
continuing through 1987.  The Court determined that their schemes
artificially inflated the price of their Crazy Eddie stock
holdings, which they sold to unwitting investors for over
$27,000,000.

4

13.   The Court ruled in favor of the SEC on its claims against six relief defendants, Rori Antar, Sam A. Antar, Michelle Antar, Adam Kuszer, Sam Kuszer and Simon Kuszer.  In a secondary public offering in March 1985, Eddie Antar sold an aggregate of 150,000 shares of Crazy Eddie stock for the benefit of these relief defendants.  At the time, he knew that as a result of a cash-skimming scheme, Crazy Eddie had materially misstated its earnings growth for the years prior to the September 1984 initial public offering of the company's stock.  He also knew of a $2 million inflation of warehouse inventories that he had directed. By selling Crazy Eddie stock while in possession of the above information, Eddie Antar violated the securities laws and unjustly enriched Rori Antar, Sam A. Antar, Michelle Antar, Adam Kuszer, Sam Kuszer and Simon Kuszer.  In its Opinion, the Court held that they have no legitimate claim to the fraudulent stock sale proceeds that Eddie Antar generated on their behalf.

14.   The Court stated that it would order full disgorgement of all illegal profits by defendants Sam M. Antar, Allen Antar, Benjamin Kuszer, and the six relief defendants.  The Court found that Sam M. Antar's gross proceeds from fraudulent sales of Crazy Eddie stock were $19.5 million.  Allen Antar's gross proceeds were $3.9 million.  Benjamin Kuszer's gross proceeds were $1 million.  The aggregate gross proceeds of Rori Antar, Sam A. Antar, Michelle Antar, Adam Kuszer, Sam Kuszer and Simon Kuszer were $3.2 million.

5

15.  On December 1 and 4, 1998, the Court held an evidentiary hearing on the amounts of disgorgement that must be paid.  Briefing on the issues of disgorgement and prejudgment interest was completed on January 26, 1999, and those issues are sub judice.

## II.  SAM M. ANTAR MADE NUMEROUS ASSET TRANSFERS.

16.  In the months before the September 1997 trial of this action, Sam M. Antar transferred valuable real estate assets to his wife, relief defendant Rose Antar.  The conveyances consisted of the following:

a.  On April 8, 1997, Sam M. Antar transferred his 25 percent interest in an entity called the "S & E Realty Partnership" to Rose Antar.  The S & E Realty Partnership is the nominal owner of a piece of real property in Nogales, Arizona.  Rose Antar paid little or no consideration for Sam M. Antar's partnership interest.  Sam M. Antar has estimated his partnership interest to be worth $175,000.  His interest is now purportedly owned by an entity called the "S.T. Partnership, L.P."  The purported owner of the S.T. Partnership is Rose Antar.

b.  On April 9, 1997, Sam M. Antar transferred to Rose Antar the property located at 2146 East Third Street in Brooklyn, New York.  She paid little or no consideration for the transfer.  The market value of the property for tax purposes is $270,000.

6

c.   On April 30, 1997, Sam M. Antar transferred his 50
percent interest in an entity called "S & E Realty, Inc." to
Rose Antar.  S & E Realty, Inc. is the nominal owner of real
property located at 68 Roosevelt Avenue in Deal, New Jersey.
The total assessed value of the property for tax purposes is
$731,500.  Rose Antar paid little or no consideration for
Sam M. Antar's transfer of his interest in S & E Realty,
Inc.

d.   On May 15, 1997, Sam M. Antar transferred to Rose
Antar his one-half interest in his residence at 717 Ocean
Avenue, Unit No. 710 and Cabana No. 46, West End, New
Jersey.  On the same day, Rose Antar transferred the entire
property to herself and Ellen Antar Kuszer, purportedly as
trustees of the "Rose Antar Qualified Personal Residence
Trust #1 dated May 15, 1997."  Sam M. Antar has estimated
that his one-half interest is worth $225,000.  In both
transfers of Unit 710, the consideration paid was less than
$100.  Sam M. Antar continues to reside in Unit 710.

e.   On May 15, 1997, Sam M. Antar transferred to Rose
Antar the commercial property located at 2155 Route 22 West
in Union, New Jersey.  Sam M. Antar has estimated the
property to be worth $950,000.  Sam M. Antar did not record
the transfer in the Union County, New Jersey clerk's office
until August 8, 1997 -- one month before the trial in this
action.  On the same day that Sam M. Antar recorded his
transfer, Rose Antar transferred the property to an entity

7

called the "R.A.S. Partnership, L.P."  The mailing address
of this partnership is the same as Sam M. Antar's and Rose
Antar's residence in West End, New Jersey.  In both
transfers of 2155 Route 22 West, the consideration paid was
less than $100.

      f.    On May 15, 1997, Sam M. Antar transferred to Rose
Antar his one-half interest in a condominium at 19667
Turnberry Isle South, Units Nos. 18-D and CA-11, in Dade
County, Florida.  On the same day, Rose Antar transferred
the entire property to herself and Ellen Antar Kuszer,
purportedly as trustees of the "Rose Antar Qualified
Personal Residence Trust #2 dated May 15, 1997."  Sam M.
Antar has estimated his one-half interest to be worth
$180,000.  In both transfers of Unit 18-D, the consideration
paid was $10.  Sam M. Antar continues to use Unit 18-D as
his vacation home.

      g.    A conservative estimate of the value of the real
estate assets that Sam M. Antar transferred to Rose Antar in
1997 is $2,165,750.

      17.    On March 15 and 18, 1991, Sam M. Antar transferred
securities having a net value of $464,879 and maintained in a
brokerage account of his at Shearson Lehman Brothers to a
brokerage account in the name of Rose Antar.  On October 16 and
17, 1991, Sam M. Antar transferred $912,728 worth of securities,
maintained in a brokerage account of his at Oppenheimer &

Company, to a brokerage account in the name of Rose Antar.  On
October 17, 1991, Sam M. Antar transferred $333,275 worth of
securities, held in a brokerage account of his at Shearson Lehman
Brothers, to a brokerage account in the name of Rose Antar.  He
continued to exercise effective control of these stock holdings
after they were in brokerage accounts in Rose Antar's name.  The
total value of the stock holdings that Sam M. Antar transferred
to Rose Antar is $1,710,882.

18.  On November 20, 1991, Sam M. Antar transferred to Rose
Antar a mortgage on the property located at 51 Columbia Place in
Brooklyn, New York.  Rose Antar paid little or no consideration
for the mortgage.  The owner of the property was an entity called
"Eveready Realty Associates," whose partners were Mordechai Levy,
Moshe Levy and Sam M. Antar.  On February 24, 1997, Eveready
Realty Associates gave Rose Antar a deed to 51 Columbia Place
purportedly in lieu of foreclosure.  The market value of the
property for tax purposes is $460,000.

## III. A HOUSE ORIGINALLY OWNED BY THREE RELIEF DEFENDANTS ENDED UP IN THE HANDS OF JILL ANTAR, WHO SOLD IT.

19.  Allen Antar and Jill Antar lived in a house located at
224 Park Avenue in Oakhurst, New Jersey.  Allen Antar used
proceeds of fraudulent sales of Crazy Eddie stock to construct
and make improvements to the house.  In 1992, the owners of the
house were Allen and Jill Antar's three children, relief

defendants Rori, Sam A. and Michelle Antar, who held the property as tenants in common.

20.  On June 12, 1992 Rori, Sam A. and Michelle Antar transferred the Oakhurst property to Allen and Jill Antar.  When they made this transfer, the children were indebted to the SEC for its claim arising from their receipt of illegal profits generated by Eddie Antar's sale of Crazy Eddie stock on their behalf, as described in paragraph 13 above.  Allen and Jill Antar paid consideration of $1 for the transfer.  After obtaining title, Allen and Jill Antar proceeded to mortgage the property (which previously had been unencumbered) in the total amount of $825,000.

21.  At a deposition on June 22, 1994, Allen Antar falsely testified that he, Jill Antar and their children each owned a one-fifth interest in the Oakhurst property.  The truth was, as a result of the June 1992 transfer Allen and Jill Antar were the sole owners, and the children did not hold any interest at all.

22.  On December 22, 1997, Allen Antar conveyed his one-half interest in the Oakhurst property to Jill Antar.  He made the transfer within two months after the conclusion of the trial in this action.  He violated an order of the Court, which required his counsel to notify the Court "if there is any possibility of a change in the status of [Allen Antar's] ownership interest" in the property.  At no time did Allen Antar or his counsel advise the Court or the SEC of his transfer of ownership to Jill Antar. Jill Antar paid consideration of $1 for the transfer.

10

23.  Jill Antar recently sold the Oakhurst property for $850,000.

## CLAIMS FOR RELIEF

**FIRST CLAIM**
**FRAUDULENT TRANSFERS:**
**ROSE ANTAR, ELLEN ANTAR KUSZER,**
**R.A.S. PARTNERSHIP, L.P.,**
**S.T. PARTNERSHIP, L.P.**

24.  The SEC hereby incorporates by reference the allegations of paragraphs 1 through 23 above.

25.  In the months before the September 1997 trial in this action, Sam M. Antar transferred valuable real estate assets to Rose Antar, including those assets described in paragraph 16 above.  Rose Antar still retains some of these assets, including the property located at 2146 East Third Street in Brooklyn, New York and Sam M. Antar's 50 percent interest in S & E Realty, Inc. She transferred other of the assets to herself and Ellen Antar Kuszer as "trustees," to R.A.S. Partnership and to S.T. Partnership, as described in paragraph 16 above.  In March and October 1991, Sam M. Antar transferred stock holdings worth $1,710,882 to brokerage accounts in the name of Rose Antar.  On November 20, 1991, Sam M. Antar transferred to Rose Antar a mortgage on 51 Columbia Place in Brooklyn, New York.

26.  These transfers were fraudulent within the meaning of the Uniform Fraudulent Transfers Act, N.J. Stat. § 25:2-27(a). The SEC's claims against Sam M. Antar for insider trading arose before he made the transfers to Rose Antar.  He did not receive

11

reasonably equivalent value in exchange for the transfers, and he was insolvent at the time of the transfers or he became insolvent as a result of them.  Rose Antar, Ellen Antar Kuszer, R.A.S. Partnership and S.T. Partnership are liable to the SEC as fraudulent transferees.

**SECOND CLAIM**
**ACTUAL INTENT TO DEFRAUD CREDITORS:**
**ROSE ANTAR, ELLEN ANTAR KUSZER,**
**R.A.S. PARTNERSHIP, L.P.,**
**S.T. PARTNERSHIP, L.P.**

27.  The SEC hereby incorporates by reference the allegations of paragraphs 1 through 23 above.

28.  In the months before the September 1997 trial in this action, Sam M. Antar transferred valuable real estate assets to Rose Antar, including those assets described in paragraph 16 above.  Rose Antar still retains some of these assets, including the property located at 2146 East Third Street in Brooklyn, New York and Sam M. Antar's 50 percent interest in S & E Realty, Inc. She transferred other of the assets to herself and Ellen Antar Kuszer as "trustees," to R.A.S. Partnership and to S.T. Partnership, as described in paragraph 16 above.

29.  Sam M. Antar made these pre-trial transfers with actual intent to hinder, delay or defraud creditors.  Among other things, he made the transfers to an "insider" -- i.e., his wife; on information and belief, he retains possession or control of the properties; he made the transfers after being sued by the SEC for millions of dollars and within months before the September

12

1997 trial; the consideration, if any, that he received was not equivalent to the value of the properties transferred; and he was insolvent when he made the transfers.  The transfers were fraudulent within the meaning of the Uniform Fraudulent Transfers Act, N.J. Stat. § 25:2-25(a).  Rose Antar, Ellen Antar Kuszer, R.A.S. Partnership and S.T. Partnership are liable to the SEC as fraudulent transferees.

**THIRD CLAIM**
**UNJUST ENRICHMENT:**
**ROSE ANTAR, ELLEN ANTAR KUSZER,**
**R.A.S. PARTNERSHIP, L.P.,**
<u>**S.T. PARTNERSHIP, L.P.**</u>

30.  The SEC hereby incorporates by reference the allegations of paragraphs 1 through 23 above.

31.  In the months before the September 1997 trial in this action, Sam M. Antar transferred valuable real estate assets to Rose Antar, including those assets described in paragraph 16 above.  Rose Antar still retains some of these assets, including the property located at 2146 East Third Street in Brooklyn, New York and Sam M. Antar's 50 percent interest in S & E Realty, Inc. She transferred other of the assets to herself and Ellen Antar Kuszer as "trustees," to R.A.S. Partnership and to S.T. Partnership, as described in paragraph 16 above.  In March and October 1991, Sam M. Antar transferred stock holdings worth $1,710,882 to brokerage accounts in the name of Rose Antar.  On November 20, 1991, Sam M. Antar transferred to Rose Antar a

mortgage on the property located at 51 Columbia Place in Brooklyn, New York.

32.   Rose Antar, Ellen Antar Kuszer, R.A.S. Partnership and S.T. Partnership were enriched as a result of Sam M. Antar's transfers of real estate assets and/or stock holdings.  They have a legal or beneficial interest in all or portions of these assets under circumstances in which it is not just, equitable or conscionable for them to retain the assets.  They obtained the assets at the expense of defrauded investors in Crazy Eddie. Rose Antar, Ellen Antar Kuszer, R.A.S. Partnership and S.T. Partnership are liable to the SEC pursuant to the equitable doctrine of unjust enrichment.

**FOURTH CLAIM**
**CONSTRUCTIVE TRUST:**
**ROSE ANTAR, ELLEN ANTAR KUSZER,**
**R.A.S. PARTNERSHIP, L.P.,**
**S.T. PARTNERSHIP, L.P.**

33.   The SEC hereby incorporates by reference the allegations of paragraphs 1 through 23 above.

34.   In the months before the September 1997 trial in this action, Sam M. Antar transferred valuable real estate assets to Rose Antar, including those assets described in paragraph 16 above.  Rose Antar still retains some of these assets, including the property located at 2146 East Third Street in Brooklyn, New York and Sam M. Antar's 50 percent interest in S & E Realty, Inc. She transferred other of the assets to herself and Ellen Antar Kuszer as "trustees," to R.A.S. Partnership and to S.T.

14

Partnership, as described in paragraph 16 above.  In March and October 1991, Sam M. Antar transferred stock holdings worth $1,710,882 to brokerage accounts in the name of Rose Antar.  On November 20, 1991, Sam M. Antar transferred to Rose Antar a mortgage on the property located at 51 Columbia Place in Brooklyn, New York.

35.  Rose Antar, Ellen Antar Kuszer, R.A.S. Partnership and S.T. Partnership acquired real estate assets and/or stock holdings in such circumstances that they may not in good conscience retain such assets.  They hold all or portions of the assets as constructive trustees.  They are liable to the SEC pursuant to the equitable doctrine of constructive trust.

### FIFTH CLAIM
### FRAUDULENT TRANSFER:
### JILL ANTAR

36.  The SEC hereby incorporates by reference the allegations of paragraphs 1 through 23 above.

37.  On June 12, 1992 Rori, Sam A. and Michelle Antar transferred the property located at 224 Park Avenue, Oakhurst, New Jersey to Jill and Allen Antar.  This transfer was fraudulent within the meaning of the Uniform Fraudulent Transfers Act, N.J. Stat. § 25:2-27(a).  The SEC's claims against Rori, Sam A. and Michelle Antar arose before they transferred the property to Jill and Allen Antar.  Rori, Sam A. and Michelle Antar did not receive reasonably equivalent value in exchange for the property.  They were insolvent at the time of the transfer or they became

15

insolvent as a result of it.  Jill Antar is liable to the SEC as a fraudulent transferee.

38.  On December 22, 1997, Allen Antar transferred his one-half interest in the property located at 224 Park Avenue, Oakhurst, New Jersey to Jill Antar.  This transfer was fraudulent within the meaning of the Uniform Fraudulent Transfers Act, N.J. Stat. § 25:2-27(a).  The SEC's claims against Allen Antar for insider trading arose before he transferred the property to Jill Antar.  He did not receive reasonably equivalent value in exchange for the property, and he was insolvent at the time of the transfer or he became insolvent as a result of it.  Jill Antar is liable to the SEC as a fraudulent transferee.

**SIXTH CLAIM**
**ACTUAL INTENT TO DEFRAUD CREDITORS:**
**JILL ANTAR**

39.  The SEC hereby incorporates by reference the allegations of paragraphs 1 through 23 above.

40.  On December 22, 1997, Allen Antar transferred his one-half interest in the property located at 224 Park Avenue, Oakhurst, New Jersey to Jill Antar.  He made this transfer with actual intent to hinder, delay or defraud creditors in that, among other things:  he made the transfer to an "insider" -- i.e., his wife; he made the transfer after being sued by the SEC for millions of dollars and after the conclusion of the September 1997 trial in this action; the consideration, if any, that he received was not equivalent to the value of the property

16

transferred; and he was insolvent when he made the transfer.  The transfer was fraudulent within the meaning of the Uniform Fraudulent Transfers Act, N.J. Stat. § 25:2-25(a).  Jill Antar is liable to the SEC as a fraudulent transferee.

### SEVENTH CLAIM
### UNJUST ENRICHMENT:
### JILL ANTAR

41.   The SEC hereby incorporates by reference the allegations of paragraphs 1 through 23 above.

42.   Allen Antar used proceeds of fraudulent sales of Crazy Eddie stock to construct and make improvements to the house located at 224 Park Avenue in Oakhurst, New Jersey.  On June 12, 1992 Rori, Sam A. and Michelle Antar transferred the property to Jill and Allen Antar.  On December 22, 1997, Allen Antar transferred his one-half interest in the property to Jill Antar.

43.   Jill Antar was enriched as a result of these transfers. She obtained a legal and beneficial interest in the Oakhurst property under circumstances in which it is not just, equitable or conscionable for her to retain it, any proceeds from its sale, or its fair market value.  She obtained the property at the expense of defrauded investors in Crazy Eddie.  She is liable to the SEC pursuant to the equitable doctrine of unjust enrichment.

17

## EIGHTH CLAIM
## CONSTRUCTIVE TRUST:
## JILL ANTAR

44.   The SEC hereby incorporates by reference the allegations of paragraphs 1 through 23 above.

45.   Allen Antar used proceeds of fraudulent sales of Crazy Eddie stock to construct and make improvements to the house located at 224 Park Avenue in Oakhurst, New Jersey.  On June 12, 1992 Rori, Sam A. and Michelle Antar transferred the property to Jill and Allen Antar.  On December 22, 1997, Allen Antar transferred his one-half interest in the property to Jill Antar.

46.   Jill Antar acquired the Oakhurst property in such circumstances that she may not in good conscience retain it, any proceeds from its sale, or its fair market value.  She is liable to the SEC pursuant to the equitable doctrine of constructive trust.

## PRAYER

WHEREFORE, the SEC respectfully requests that this Court enter judgment:

I.

Finding in favor of the SEC and against Rose Antar, Ellen Antar Kuszer, Jill Antar, R.A.S. Partnership, L.P. and S.T. Partnership, L.P.;

## II.

Voiding as fraudulent the transfers of real estate assets and/or stock holdings to Rose Antar, Ellen Antar Kuszer, R.A.S. Partnership, L.P. and S.T. Partnership, L.P.;

## III.

Finding that Rose Antar, Ellen Antar Kuszer, Jill Antar, R.A.S. Partnership, L.P. and S.T. Partnership, L.P. have been unjustly enriched;

## IV.

Imposing a constructive trust on the real estate assets and/or stock holdings transferred to Rose Antar, Ellen Antar Kuszer, R.A.S. Partnership, L.P. and S.T. Partnership, L.P.;

## V.

Ordering Rose Antar, Ellen Antar Kuszer, R.A.S. Partnership, L.P. and S.T. Partnership, L.P. to transfer, convey and turn over the transferred properties and other assets described in this Amended and Supplemental Complaint to a Trustee/Receiver to be appointed by the Court;

## VI.

Ordering Rose Antar, Ellen Antar Kuszer, R.A.S. Partnership, L.P. and S.T. Partnership, L.P., insofar as they are unable to convey title to the transferred properties or other assets to the Trustee/Receiver, to account for and disgorge, with prejudgment

interest, the fair market value of the properties or other assets
as of the time of the transfers;

### VII.

Ordering Rose Antar to account for and disgorge, with
prejudgment interest, the fair market value of the $1,710,882
worth of stock holdings that she received from Sam M. Antar;

### VIII.

Ordering Jill Antar to account for and disgorge, with
prejudgment interest, the fair market value of the property
located at 224 Park Avenue, Oakhurst, New Jersey; and

### IX.

Granting all further relief that the Court finds warranted
under the circumstances.

Dated:   October 7, 1999                Respectfully submitted,


Faith S. Hochberg                       Richard E. Simpson RS5859
United States Attorney                  David L. Kornblau
District of New Jersey                  Attorneys for Plaintiff
                                        Securities and Exchange
                                          Commission
                                        450 Fifth Street, N.W.
                                        Mail Stop 8-8
By:                                     Washington, D.C. 20549
                                        (202) 942-4791

    970 Broad Street
    Newark, New Jersey 07102
    (973) 645-2700


20

## CERTIFICATE OF SERVICE

I, RICHARD E. SIMPSON, an attorney, hereby certify that on October 7, 1999, I caused to be served a copy of the foregoing AMENDED AND SUPPLEMENTAL COMPLAINT on all counsel set forth below, by United States Mail, postage prepaid.


                                    Richard E. Simpson

## SERVICE LIST

Robert I. Goodman
Gersten, Savage, Kaplowitz
& Fredericks
101 East 52nd Street
Ninth Floor
New York, New York 10022

Bruce I. Goldstein
Saiber, Schlesinger, Satz
& Goldstein
One Gateway Center
Suite 1300
Newark, New Jersey 07102