UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**FILED**

OCT 15, 1999

AT 8:30 .............. M
WILLIAM T. WALSH
CLERK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : |
| Plaintiff, | : |
| v. | : |
| SAM M. ANTAR, ALLEN ANTAR, and BENJAMIN KUSZER, | : |
| Defendants, | : Civ. No. 93-3988 |
| - and - | : (HAA) |
| RORI ANTAR, SAM A. ANTAR, MICHELLE ANTAR, ADAM KUSZER, SAM KUSZER, SIMON KUSZER, ROSE ANTAR, and SAM M. ANTAR, | : |
| Relief Defendants. | : |
| SECURITIES AND EXCHANGE COMMISSION, | : |
| Plaintiff, | : |
| v. | : |
| ROSE ANTAR, ELLEN ANTAR KUSZER, JILL ANTAR, R.A.S. PARTNERSHIP, L.P., and S.T. PARTNERSHIP, L.P., | : |
| Relief Defendants. | : |

## DECLARATION OF RICHARD E. SIMPSON

RICHARD E. SIMPSON declares:

1. I am an attorney employed by the Securities and Exchange Commission as Assistant Chief Litigation Counsel in the Division of Enforcement. My duties consist of representing the SEC in civil enforcement proceedings against persons and entities alleged to have violated the securities laws. I have acted as

counsel for the SEC in the enforcement action entitled <u>Securities</u> <u>and Exchange Commission</u> v. <u>Sam M. Antar, et al.</u>, Civil Action No. 93-3988 (HAA), pending in the United States District Court for the District of New Jersey.  I make this Declaration in support of the SEC's motion for summary judgment against relief defendants Rose Antar, Ellen Antar Kuszer, R.A.S. Partnership, L.P., and S.T. Partnership, L.P.

2.   Exhibit 1 is a true and correct copy of Defendant Sam M. Antar's Responses to Interrogatories, verified on October 27, 1998.

3.   Exhibit 2 consists of true and correct copies of pages 89-94 of the transcript of the deposition of Sam M. Antar, taken on November 11, 1998.

4.   Exhibit 3 is a true and correct copy of a deed, dated April 9, 1997, by which Sam M. Antar purportedly transferred the property located at 2146 East Third Street, Brooklyn, New York, to Rose Antar.

5.   Exhibit 4 is a true and correct copy of a mortgage, dated August 25, 1998, purportedly from S & E Realty, Inc. to Saiber, Schlesinger, Satz & Goldstein.

6.   Exhibit 5 is a true and correct copy of a letter, dated November 11, 1998, from Adam S. Ravin to Richard E. Simpson.

7.   Exhibit 6 is a true and correct copy of a deed, dated May 15, 1997, by which Sam M. Antar and Rose Antar purportedly transferred the property located at 717 Ocean Avenue, Unit No. 710 and Cabana No. 46, Long Branch, New Jersey, to Rose Antar.

8.   Exhibit 7 is a true and correct copy of a deed, dated May 15, 1997, by which Rose Antar purportedly transferred the property located at 717 Ocean Avenue, Unit No. 710 and Cabana No. 46, Long Branch, New Jersey, to Rose Antar and Ellen Antar Kuszer, purportedly as trustees of the "Rose Antar Qualified Personal Residence Trust #1 dated May 15, 1997."

9.   Exhibit 8 is a true and correct copy of a deed, dated May 15, 1997, by which Sam M. Antar purportedly transferred the property located at 2155 Route 22 West, Union, New Jersey, to Rose Antar.

10.   Exhibit 9 is a true and correct copy of a deed, dated August 8, 1997, by which Rose Antar purportedly transferred the property located at 2155 Route 22 West, Union, New Jersey to an entity called the "R.A.S. Partnership, L.P."

11.   Exhibit 10 is a true and correct copy of a deed, dated May 15, 1997, by which Sam M. Antar and Rose Antar purportedly transferred the property located at 19667 Turnburry Isle South, Units Nos. 18-D and CA-11, Dade County, Florida, to Rose Antar.

12.   Exhibit 11 is a true and correct copy of a deed, dated May 15, 1997, by which Rose Antar purportedly transferred the property located at 19667 Turnburry Isle South, Units Nos. 18-D and CA-11, Dade County, Florida, to Rose Antar and Ellen Antar Kuszer, purportedly as trustees of the "Rose Antar Qualified Personal Residence Trust #2 dated May 15, 1997."

13.   Exhibit 12 consists of true and correct copies of (a) an Oppenheimer & Company account statement for the period ending

October 25, 1991 for account number 033-61611 in the name of Sam M. Antar; (b) a letter dated October 10, 1991 from Sam M. Antar to William B. Finneran, Oppenheimer & Company; (c) a Shearson Lehman Brothers account statement for the period from February 25 to March 31, 1991 for account number 119-05332-14 in the name of Sam M. Antar; and (d) a Shearson Lehman Brothers account statement for the period from October 1 to October 31, 1991 for account number 119-08142-18 in the name of Sam M. Antar.

14.   Exhibit 13 is a true and correct copy of a declaration of Sam M. Antar, dated August 19, 1998.

15.   Exhibit 14 is a true and correct copy of an amended business certificate, dated June 20, 1990, of Eveready Realty Associates.

16.   Exhibit 15 is a true and correct copy of a deed, dated February 24, 1997, by which Eveready Realty Associates purportedly transferred the property located at 51 Columbia Place, Brooklyn, New York, to Rose Antar.

17.   Exhibit 16 is a true and correct copy of the SEC's Initial Disclosures Pursuant to Rule 26(a)(1), dated April 18, 1994, in this action.

18.   Exhibit 17 consists of excerpts from the deposition of Sam M. Antar in this action on January 3, 1995.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on October 14, 1999.

Richard E. Simpson

SAIBER SCHLESINGER SATZ & GOLDSTEIN, LLC
One Gateway Center, Suite 1300
Newark, New Jersey  07102-5311
(973) 622-3333
Attorneys for Defendant Sam M. Antar

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

SECURITIES AND EXCHANGE
COMMISSION,

               Plaintiff,

    v.

SAM M. ANTAR, et al.,

               Defendants.

               :
               :
               :
               :
               :
               :

Civil Action No. 93-3988 (HAA)

DEFENDANT SAM M. ANTAR'S
RESPONSES TO INTERROGATORIES

Pursuant to Rule 33(b) of the Federal Rules of Civil Procedure, defendant Sam M. Antar ("Antar"), for his responses and objections to the Interrogatories propounded by plaintiff Securities and Exchange Commission, says:

## GENERAL OBJECTIONS

    1.    Antar objects to the Interrogatories to the extent they attempt to impose upon him obligations exceeding those set forth in the Federal Rules of Civil Procedure.

    2.    Antar objects to each Interrogatory to the extent it seeks information immune from discovery under the attorney-client privilege and/or the work product doctrine, and/or any other privilege.



3.      Antar objects to each Interrogatory to the extent it seeks confidential information.

4.      Antar's answers are given without admitting the relevancy, materiality or admissibility of the information contained therein. All objections to the use and further production of the information are hereby expressly reserved.

5.      Antar objects to the Interrogatories to the extent they inquire into assets valued in excess of $1,000. Antar submits that given the time period covered by these Interrogatories, any inquiry into assets of such modest value is overly broad and unduly burdensome. Counsel for the parties have agreed to modify these Interrogatories to apply to assets valued in excess of $10,000 rather than $1,000. As such, "$10,000" appears in brackets where applicable.

6.      In formulating and providing the following answers, Antar has made a good faith effort in searching his files and records for the information requested in the Interrogatories, to the extent the information sought is not subject to the limitations and objections set forth herein. The following answers are based upon such information as is reasonably available to Antar and susceptible to retrieval through reasonable efforts. Antar reserves the right to supplement his answers to these Interrogatories.

## SPECIFIC OBJECTIONS AND RESPONSES

### Interrogatory No. 1

Identify every transaction since January 1, 1995 in which Sam M. Antar transferred, gave, or sold any Asset valued in excess of [$10,000] to any person, trust or entity. Include the date of each such transaction; the Asset transferred or sold; the value of the Asset; the consideration received; and the name, address and telephone number of the transferee or buyer.

### RESPONSE:

Antar objects to Interrogatory No. 1 on the ground that it is vague and ambiguous in that the phrase "transferred, gave, or sold" is undefined and therefore capable of various interpretations. Notwithstanding and without waiving the aforementioned objection and subject thereto, Antar responds that, during the relevant time period, he could be deemed to have either directly or indirectly transferred assets valued in excess of $10,000 as reflected in the documents produced in response to the plaintiffs' Request for Production of Documents. Antar further states that there are documents responsive to this inquiry which he either has not been able or has not yet had the opportunity to review and/or analyze. Accordingly, Antar will supplement his response if additional relevant and non-privileged information becomes available. Antar further responds that he has transferred, for estate planning purposes, the following assets since January 1, 1995:

1.     In or about the first half of 1997, Antar transferred his 50% interest valued at $225,000 in his residence at 717 Ocean Avenue, West End, New Jersey (including a cabana) to his wife Rose Antar.

2.    In or about the first half of 1997, Antar transferred his 50% interest valued at $180,000 in a condominium located at 19667 Turnberry Isle South, North Miami Beach, Florida to his wife Rose Antar.

3.    On or about April 9, 1997, Antar transferred his interest valued at $270,000 in a residence located at 2146 E. 3rd Street in Brooklyn, New York to his wife Rose Antar.

4.    In or about the first half of 1997, Antar transferred his interest valued at $950,000 in a commercial building located at 2155 Route 22, Union, New Jersey to his wife Rose Antar.

5.    During the relevant time period, Antar transferred his 50% interest (the value of which is at this time uncertain) in an entity known as S & E Realty, Inc., which is an Arizona Company owning real estate, to his wife Rose Antar.

6.    On or about April 8, 1997, Antar transferred his 25% interest valued at $175,000 in S & E Realty, a partnership, the principal asset of which is a commercial building located in Arizona, to his wife Rose Antar.

**Interrogatory No. 2**

Identify every account at a bank, brokerage firm, commodities trading firm, mutual fund or other financial institution in which Sam M. Antar has deposited or transferred more than [$10,000] at any time since January 1, 1995. State the current balance or fair market value of each such account.

**RESPONSE**:

Antar objects to Interrogatory No. 2 on the ground that it is vague and ambiguous in that the phrase "deposited or transferred" is undefined and therefore capable of various interpretations. Notwithstanding and without waiving the aforementioned objection and subject thereto, Antar responds that on various occasions during the relevant time period, sums of money in excess of $10,000 may have been either deposited and/or transferred in or from the following accounts:

1. Account No. 14359/11
   Sam and Rose Antar
   Bank Leumi Le-Israel B.M.
   Tel Aviv, Israel

   Antar estimates that the balance in this account as of September 3, 1998 is $460,000.

2. Account No. 630-20846-18 393
   Sam and Rose Antar
   Smith Barney
   325 Columbia Turnpike
   Florham Park, NJ 07932

   Antar estimates that the current balance in this account is $0.

3. Account No. 6101785457
   The Bank of New York
   National Community Division
   112 Brighton Ave
   Long Branch, New Jersey, 07740

   Antar estimates that the balance in this account as of September 3, 1998 is $54,893.77.

4. Account No. 2704-6033
   Bank One
   Arizona

115624_1

Antar estimates that the balance in this account as of September 23, 1998 is $2,049.05.

## Interrogatory No. 3

Identify all Assets valued at [$10,000] or more in which Sam M. Antar has a direct or indirect financial interest including, but not limited to, all Assets owned directly by Sam M. Antar, all Assets within Sam M. Antar's possession, enjoyment or control, and all Assets in which Sam M. has an equitable or beneficial interest although legal title or ownership is held by a relative, trustee, lessor or any other intermediary. For each Asset, identify by name, address and telephone number the owner (real or nominal), the current fair market value, how the value was determined, the location, and the nature and extent of Sam M. Antar's interest in the Asset.

## RESPONSE:

Antar objects to Interrogatory No. 3 on the ground that it is vague and ambiguous in that the phrases "direct or indirect financial interest," "possession, enjoyment or control," and "equitable or beneficial interest" are undefined and therefore capable of various interpretations. Notwithstanding and without waiving the aforementioned objection and subject thereto, Antar responds that in addition to certain of the bank accounts identified above, he resides in his family residence located at 717 Ocean Avenue, West End, New Jersey. Antar further states that his wife, Rose, is the owner of this property. Antar estimates the fair market value of this property to be no greater than $450,000 based on a real estate broker's valuation. Additionally, Antar has an interest in the following Assets:

1. **Wilcox Arizona Property**

Antar has a 50% interest in this Asset which is unimproved land in Wilcox, Arizona. To the best of Antar's knowledge and belief, Rose Antar also possesses an interest in this Asset. Antar estimates the fair market value of his interest in this Asset to be approximately $12,000.

115624_1                                6

2.    **Interest in Leasehold Ave. 2 Brooklyn, New York**

Antar has a leasehold interest in a commercial property located on Avenue 2 in Brooklyn, New York. Antar estimates the discounted value of his interest in this leasehold to be approximately $100,000.

3.    **Demming N.M. Land**

Antar has an interest in this Asset which is 20 acres of unimproved land located in Demming, New Mexico. Antar estimates the fair market value of his interest in this Asset to be approximately $12,000.

4.    **MONY Pension**

Antar has an interest in this Asset which is a pension fund. Although Antar does not know the value of his interest, Antar's yearly distribution from this pension fund is $8,540, of which $4,324 represents a return of capital.

5.    **American General Life Pension**

Antar has an interest in this Asset which is a pension fund. Antar estimates the fair market value of his interest in this Asset to be approximately $113,000.

6.    **Tussie Mortgage (formerly known as "Please Thank You")**

Antar has an interest in this Asset which is a Mortgage on a residential property located on East 5th Street, Brooklyn, New York. Antar estimates the value of his interest in this Asset to be approximately $500,000.

7.   **Joe Major Mortgage**

Antar has an interest in this Asset which is a Mortgage on real property located in Brooklyn, N.Y.  Antar estimates the value of his interest in this Asset to be approximately $69,000.

8.   **Charles Schwaab Account**

Account No. DT 1181-1957
Sam Antar and Rose Antar
Charles Schwaab
World Trade Center
Concourse Level
New York, NY 10048

Antar estimates that the balance in this account is approximately $240,000.

9.   **Smith Barney Account**

Smith Barney
Account No. 119-05332-14 030

Antar estimates the balance in this account is approximately $17,362.

**Interrogatory No. 4**

Identify each partnership, corporation, limited liability company or other entity or association in which Sam M. Antar has a direct or indirect financial interest or of which he is a partner, officer, director, employee or representative.  For each such entity, identify (a) the nature of Sam M. Antar's interest in or relationship with the entity; (b) all other persons with a direct or indirect financial interest in the entity; and (c) all of the entity's Assets valued at [$10,000] or more, including the type of Asset, location, current fair market value, and how the value was determined.

**RESPONSE**:

Antar objects to Interrogatory No. 4 on the ground that it is vague and ambiguous in that the phrase "direct or indirect financial interest" is undefined and therefore

capable of various interpretations. Notwithstanding and without waiving the aforementioned objection and subject thereto, Antar responds that he has an interest in the following entities:

### 1.     500 Seaview Avenue Associates

Antar has a 13 1/3 % partnership interest in this entity whose principal asset is a parcel of land in Staten Island, New York. To the best of Antar's knowledge, information and belief, the following individuals also possess an interest in this entity: The estate of Sal Nicolosi, the estate of Joe Holzka, Mitchell Antar and/or his children, Benjamin Kuszer and his children and Allen Antar and his children. Antar estimates the fair market value of his interest in this entity to be approximately $60,000.

### 2.     Block 7105 Lot 506 Associates

Antar has a 6 1/4 % partnership interest in this entity whose principal asset is a parcel of land in Staten Island, New York. To the best of Antar's knowledge, information and belief, the following individuals also possess an interest in this entity: Allen Antar and his children, Benjamin Kuszer and his children, Bernie Schwartz and his brother Mr. Siegel and his son, the estate of Sal Nicolosi, the estate of Joe Holzka, and Charles Carella, who is the Trustee for Crazy Eddie, Inc. Antar estimates the fair market value of his interest in this entity to be approximately $150,000.

### 3.     4225 Amboy Road Associates

Antar has an 8.33 % partnership interest in this entity whose principal asset is a parcel of land in Staten Island, New York. To the best of Antar's knowledge, information and belief, the following individuals also possess an interest in this entity: Allen Antar,

Benjamin Kuszer, Mitchell Antar and the estate of Sal Nicolosi.  Antar estimates the fair market value of his interest in this entity to be approximately $10,000.

### 4.    Deal-Rite Realty Associates

Antar has a 9 1/3% partnership interest in this entity whose principal asset is a residential building on W. 68th Street in Manhattan.  To the best of Antar's knowledge, information and belief, the following individuals also possess an interest in this entity:  Jack Pichotto, Benny Kuszer, Hariet Riss, Marco Levy and Moshe Levy.  Antar estimates the fair market value of his interest in this entity to be approximately $25,000.

### 5.    Rising Tide Realty Associates

Antar has a 9 1/3% partnership interest in this entity whose principal asset is a residential building on W. 68th Street in Manhattan.  To the best of Antar's knowledge, information and belief, the following individuals also possess an interest in this entity:  Jack Pichotto, Benny Kuszer, Hariet Riss, Marco Levy, and Moshe Levy.  Antar estimates the fair market value of his interest in this entity to be approximately $25,000.

### 6.    Antar & Lewittinn

Antar has a 25% partnership interest in this entity whose principal asset is a piece of real property in Baltimore, Md.  To the best of Antar's knowledge, information and belief, the following individuals also possess an interest in this entity:  Rose Antar, Solomon Lewittinn, and Gloria Lewittinn.  Antar estimates the fair market value of his interest in this entity to be approximately $50,000.

8.   **Rose Antar Partnership**

Antar has a 12.5% partnership interest in this entity whose principal asset is a piece of real property in Douglas, Az.  To the best of Antar's knowledge, information and belief, the following individuals also possess an interest in this entity: Debbie Antar and Rose Antar.  Antar estimates the fair market value of his interest in this entity to be approximately $18,750.

**Interrogatory No. 5**

Identify the location, amount and the custodian of any cash or currency whether domestic or foreign, valued at [$10,000] or more within the ownership, possession or control of Sam M. Antar or in which he has or had any direct or indirect financial interest at any time since January 1, 1995.

**RESPONSE**:

Antar objects to Interrogatory No. 5 on the ground that it is vague and ambiguous in that the phrase "direct or indirect financial interest" is undefined and therefore capable of various interpretations.  Notwithstanding and without waiving the aforementioned objection and subject thereto, Antar states that, from time to time during the relevant time period, he either directly or indirectly was in possession of currency in excess of $10,000 or more as reflected in the documents referenced in response to Interrogatory No. 1.  Antar further states that he currently is neither directly nor indirectly in possession of currency in excess of $10,000.

**Interrogatory No. 6**

Identify the source and amount of all money or other income in excess of [$10,000] that Sam M. Antar has received, directly or indirectly, since January 1, 1995.

**RESPONSE**:

Antar objects to Interrogatory No. 6 on the ground that it is vague and ambiguous in that the phrase "received, directly or indirectly" is undefined and therefore capable of various interpretations. Notwithstanding and without waiving the aforementioned objection and subject thereto, Antar refers Plaintiff to the copies of tax returns filed on his behalf which are being produced in response the Request For Production of Documents.

**Interrogatory No. 7**

Identify by name, address and telephone number every person or entity who has performed accounting services for Sam M. Antar at any time since January 1, 1995.

**RESPONSE**:

Antar objects to Interrogatory No. 7 on the ground that it is vague and ambiguous in that the phrase "accounting services" is undefined and therefore capable of various interpretations. Notwithstanding and without waiving the aforementioned objection and subject thereto, Antar responds as follows:

Ralph H. Kroner
450 Seventh Avenue, Suite 1500
New York, New York 10123
(212) 967-2108

115624_1

## DECLARATION

SAM M. ANTAR, pursuant to Rule 28 U.S.C. §1746, being of full age, hereby declares as follows:

I declare under penalty of perjury that the foregoing responses to these Interrogatories are true and accurate to my personal knowledge and that they constitute all the requested information available to me and my attorneys.  Executed on October __, 1998.

_____
SAM M. ANTAR

115624_1

## DECLARATION

SAM M. ANTAR, pursuant to Rule 28 U.S.C. §1746, being of full age,

hereby declares as follows:

I declare under penalty of perjury that the foregoing responses to these

Interrogatories are true and accurate to my personal knowledge and that they constitute all

the requested information available to me and my attorneys.  Executed on October 27, 1998.

_____

SAM M. ANTAR

## CERTIFICATION OF GENUINE SIGNATURE

     Adam S. Ravin hereby certifies that the annexed facsimile signature of Sam

M. Antar is genuine in that Mr. Antar acknowledged to me the genuineness of his signature.

An original of his signature shall be provided if requested by the Court or any party.


_____

                   ADAM S. RAVIN


Dated:   October 28, 1998

116590.1

1

2

       UNITED STATES DISTRICT COURT
       FOR THE DISTRICT OF NEW JERSEY
       Civil No. 93-3988(HAA)
- - - - - - - - - - - - - - - - - -X

3  SECURITIES AND EXCHANGE COMMISSION,:

4                                   :       DEPOSITION OF
            Plaintiff,              :       SAM M. ANTAR

5                                   :
            -vs-                    :

6                                   :
   SAM M. ANTAR, ALLEN ANTAR, and   :

7  BENJAMIN KUSZER,                 :

8            Defendants.            :

9            -and-                  :

   RORI ANTAR, SAM A. ANTAR, MICHELLE :

10 ANTAR, ADAM KUSZER, SAM KUSZER,  :
   SIMON KUSZER, ROSE ANTAR, and SAM :

11 M. ANTAR,                        :

12           Relief Defendants.     :

13 - - - - - - - - - - - - - - - - -X

14 T R A N S C R I P T of the stenographic notes of the

15 proceedings in the above-entitled matter, as taken

16 by and before PHYLLIS T. LEWIS, a Certified Shorthand

17 Reporter and Notary Public of the State of New

18 Jersey, held at the offices of Saiber, Schlesinger,

19 Satz & Goldstein, Esqs., One Gateway Center, Newark, New

20 Jersey, on Wednesday, November 11, 1998, commencing at

21 11:40 a.m.

22

23   - - - - - - - - - - - - - - - - - - - - - - - - -

              PHYLLIS T. LEWIS, C.S.R.
24                 40 Price Street
           Sayreville, New Jersey, 08872
25               (732)-254-8056

PHYLLIS T. LEWIS, C.S.R.                (732)-254-8056

1   A P P E A R A N C E S:

2       U.S. SECURITIES & EXCHANGE COMMISSION
        BY:  RICHARD E. SIMPSON, Assistant Chief Litigation
3       Counsel, Division of Enforcement,
        Attorneys for Plaintiff.

4
        SAIBER, SCHLESINGER, SATZ & GOLDSTEIN, ESQS.,
5       BY:  BRUCE I. GOLDSTEIN, ESQ.,
        ADAM RAVIN, ESQ.,
6       Attorneys for Defendants,  Sam M. Antar and
        Allen Antar.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1          MR. RAVIN:  Okay.

2          Q     And do you recall when you transferred

3     your interest in the corporation to your wife?

4     A     Yes.  I found out the other day when I called up

5     Nogales.  It was April 30, 1997.

6          Q     And did your wife pay you any money in

7     exchange for your interest in the corporation?

8     A     . Yeah.  She paid me some consideration.

9          Q     And what was it?

10    A     I haven't the slightest idea.  It is written in

11    the document.

12         Q     And is the value of your interest or was

13    the value of your interest approximately $750,000?

14    A     What is it?

15         Q     Was the value of your interest in the

16    corporation approximately $750,000?

17    A     Could be.

18         Q     Did your wife pay you approximately

19    $750,000 in exchange for your interest?

20    A     No.

21         Q     Did she pay you one hundred dollars or

22    less?

23    A     Pardon me?

24         Q     Did she pay you one hundred dollars or

25    less?

1    A      I haven't the slightest idea.  When I see the

2    document, I will remember it.

3           Q      Did she pay you in excess of $100,000?

4    A      Pardon me?

5           Q      Did she pay you in excess of $100,000 in

6    exchange for your interest in the corporation?

7    A      S & E Realty?

8           Q      Yes.

9    A      No.

10          Q      It was less than that?

11   A      Pardon me?

12          Q      It was less than $100,000?

13   A      Yes.

14          Q      Let me show you once again Exhibit 25,

15   which is your interrogatory responses, and I think we

16   are on page four --

17   A      Uh-huh.

18                 (Witness views document).

19          Q      -- and paragraph six on that page states

20   that you transferred your 25 percent interest in S & E

21   Realty to your wife.

22   A      Yeah.  That is the ST Partnership.

23          Q      Do you know what ST stands for?

24   A      No.

25          Q      Okay.

PHYLLIS T. LEWIS, C.S.R.            (732)-254-8056

1   A    ST is an initial, I imagine.  They picked out

2   the name of the trust.  Ask Mr. Ackermann, maybe he

3   knows.  I don't know.

4        Q    Okay.  And did your wife pay you any

5   money in exchange for your interest in the ST Realty

6   partnership?

7   A    I don't remember.

8        Q    Is your transfer of your interest in ST

9   Realty, the partnership, reflected in any document?

10  A    In what?

11       Q    In a document.  Did you sign a document

12  transferring --

13  A    There was a document.  I don't remember it.

14  There was a document, but I don't remember it.

15       Q    Okay.

16            MR. SIMPSON:  Then I also ask for the

17  production of that document as well.

18            MR. RAVIN:  I will look into it.

19            MR. SIMPSON:  Mark this as the next

20  exhibit.

21            (Plaintiff's Exhibit 32 marked for

22  identification.)

23       Q    Mr. Antar, you now have what is marked as

24  Plaintiff's Exhibit number 32 --

25  A    Yes.

PHYLLIS T. LEWIS, C.S.R.            (732)-254-8056

1    Q    -- which for the record purports to be a

2  deed, dated April 9, 1997, transferring the

3  residential property on East Third Street in Brooklyn

4  from you to your wife.

5  A    Yes.

6    Q    And does your signature appear on the

7  first page of this exhibit?

8  A    · Yes.

9    Q    And how did it come about that you

10  transferred the East Third Street property to your

11  wife?

12  A    How did it come about?

13    Q    Yes.

14  A    I just transferred it.

15    Q    Okay.  When did you decide to transfer

16  that property to your wife?

17  A    When did I decide?  The day I transferred it.

18    Q    Okay.  And there is a signature of

19  Abraham Shalo on this deed.  Do you see that?

20  A    Yes.

21    Q    What part did he play in the transfer?

22  A    What part did he play in the transfer?  I guess

23  he represented me in the transfer.

24    Q    Did anybody represent your wife?

25  A    Huh?

PHYLLIS T. LEWIS, C.S.R.          (732)-254-8056

1    Q       Did anybody represent your wife?

2    A       I don't know if anybody had to represent my

3    wife.

4    Q       Okay.  Then apart from the question of

5    did anybody have to, did anybody represent your wife?

6    A       I said, I didn't believe that anyone had to

7    represent my wife.  I transferred it over to my wife.

8    Q       And did she pay you any money in exchange

9    for the transfer?

10   A       Whatever it says there, that is what she said.

11   If it says anything, she paid it.  If not, she didn't.

12   Q       Why did you transfer this property to your

13   wife?

14   A       Because my grandchildren live there now, that is

15   why.  I wanted to make sure they live there forever.

16   Q       And why does transferring it to your wife

17   make sure that your grandchildren live there forever?

18   A       Because as long as she has it, they will live

19   there.

20   Q       And who were the grandchildren who live

21   there?

22   A       The grandchildren are Rori Betesh.  That is my

23   granddaughter, and Adam Kuszer will move in there

24   about January when the old tenants get out.

25   Q       And did Mr. Shalo prepare the deed for

Sam M. Antar - Direct (Simpson)

```
 1        you?
 2    A        He did.
 3        Q        And did you, in fact, deliver the deed to
 4    your wife?
 5    A        What is it?
 6        Q        Did you give or deliver the deed to your
 7    wife?
 8    A    , Yes.
 9        Q        And where did that take place?
10    A        Pardon me?
11        Q        Where did the delivery of the deed take
12    place?
13    A        I handed it out myself.
14        Q        And where was that, at Mr. Shalo's office?
15    A        No, in my home.
16        Q        Turning back to the ST Realty
17    Corporation --
18    A        Uh-huh.
19        Q        -- who were the officers of that
20    corporation?
21    A        Now or when?  When?
22        Q        Now.
23    A        I believe it's Rose Antar and Ellen Kuszer.
24        Q        And when did Rose Antar and Ellen
25    Kuszer -- let me rephrase it.
```

PHYLLIS T. LEWIS, C.S.R.                (732)-254-8056

THIS INDENTURE, made the 9th day of April , nineteen hundred and ninety-seven

BETWEEN SAM ANTAR, residing at 717 Ocean Avenue, West End, New Jersey 07740,

party of the first part, and ROSE ANTAR, 717 Ocean Avenue, West End, New Jersey 07740,

party of the second part,

WITNESSETH, that the party of the first part, in consideration of ten dollars and other valuable consideration paid by the party of the second part, does hereby grant and release unto the party of the second part, the heirs or successors and assigns of the party of the second part forever,

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough of Brooklyn, County of Kings, City and State of New York, bounded and described as follows:

BEGINNING at a point on the westerly side of East 3rd Street distant 100 feet northerly from the corner formed by the intersection of the westerly side of East 3rd Street with the northerly side of Avenue U; running thence westerly, parallel with Avenue U 110.75 feet to land now or formerly of J. Pilasky; thence northwesterly a'ng said land of Pilasky 23.95 feet; thence easterly parallel with Avenue U and part of the distance through a party wall 120.22 feet to the westerly side of East 3rd Street; and thence southerly along the westerly side of East 3rd Street 22 feet to the point or place of BEGINNING.

Said premises being known by street address as 2146 East 3rd Street.

TOGETHER with all right, title and interest, if any, of the party of the first part in and to any streets and roads abutting the above described premises to the center lines thereof; TOGETHER with the appurtenances and all the estate and rights of the party of the first part in and to said premises; TO HAVE AND TO HOLD the premises herein granted unto the party of the second part, the heirs or successors and assigns of the party of the second part forever.

AND the party of the first part covenants that the party of the first part has not done or suffered anything whereby the said premises have been encumbered in any way whatever, except as aforesaid.

AND the party of the first part, in compliance with Section 13 of the Lien Law, covenants that the party of the first part will receive the consideration for this conveyance and will hold the right to receive such consideration as a trust fund to be applied first for the purpose of paying the cost of the improvement and will apply the same first to the payment of the cost of the improvement before using any part of the total of the same for any other purpose.

The word "party" shall be construed as if it read "parties" whenever the sense of this indenture so requires.

IN WITNESS WHEREOF, the party of the first part has duly executed this deed the day and year first above written.

In presence of:

Abraham Shale                                    SAM ANTAR

PLAINTIFF'S EXHIBIT

21

ALLSTATE LEGAL SUPPLY CO.

REEL 3919 IMAGE 0309

**STATE OF NEW YORK, COUNTY OF** NEW YORK **ss.**

On the 9th day of April, 19    , before me personally came

**SAM ANTAR**

to me known to be the individual    described in and who executed the foregoing instrument, and acknowledged that    he    executed the same.

*Abraham Shalo*

ABRAHAM SHALO
Notary Public, State of New York
No. 24-8641232
Qualified in Kings County
Commission Expires February 15, 19

---

**STATE OF NEW YORK, COUNTY OF**    **ss.**

On the    day of    19    , before me personally came

to me known to be the individual    described in and who executed the foregoing instrument, and acknowledged that    executed the same.

04-14-97    INST    REED    44013600
PAID    REED    427.00

---

**STATE OF NEW YORK, COUNTY OF**    **ss.**

On the    day of    19    , before me personally came    , to me known, who, being by me duly sworn, did depose and say that    he resides at No.

that    he is the    of    , the corporation described in and which executed the foregoing instrument; that    he knows the seal of said corporation; that the seal affixed to said instrument is such corporate seal; that it was so affixed by order of the board of directors of said corporation, and that    he signed h    name thereto by like order.

---

**STATE OF NEW YORK, COUNTY OF**    **ss.**

On the    day of    19    , before me personally came    the subscribing witness to the foregoing instrument, with whom I am personally acquainted, who, being by me duly sworn, did depose and say that    he resides at No.

that    he knows    to be the individual described in and who executed the foregoing instrument; that    he, said subscribing witness, was present and saw    execute the same; and that    he, said witness, at the same time subscribed h    name as witness thereto.

---

**Bargain and Sale Deed**
With Covenant Against Grantor's Acts

**TITLE NO.**

**SAM ANTAR**

TO

**ROSE ANTAR**

Distributed by
**CHICAGO TITLE
INSURANCE COMPANY**

---

SECTION    21

BLOCK    7105    LOC. VER.

LOT    94    BY AUDITOR

COUNTY OR TOWN    Brooklyn.

Street Address: 2146 E. 3rd Street

Recorded at Request of
**CHICAGO TITLE INSURANCE COMPANY**

Return by Mail to

ABRAHAM SHALO, ESQ.

370 Seventh Avenue (Suite 222)

New York, New York 10001

RECORDED IN

RECORDED

# This Mortgage

*made the*  day of August

*Between*  S & E REALTY CO., INC.



310496

*a corporation existing under and by virtue of the laws of the State of* Arizona
*having its principal office at* c/o Antar, 717 Ocean Avenue

*in the* City                                    *of* Long Branch                              *in the County of*
Monmouth                    *and State of* New Jersey                  *hereinafter designated as the Mortgagor,*

*And* SAIBER, SCHLESINGER, SATZ and GOLDSTEIN, LLC

*residing or located at*  One Gateway Center
*in the* City                                    *of* Newark                              *in the County of*
Essex                    *and State of* New Jersey                  *hereinafter designated as the Mortgagee;*

*Whereas,* the said Mortgagor is justly indebted to said Mortgagee, in the sum of FIVE HUNDRED THOUSAND ($500,000.00)————————————————————————— *Dollars,*
*lawful money of the United States of America,* ~~to be paid according to Mortgagor's certain Bond or obligation in the like sum and bearing even date with these presents (the terms, covenants and conditions of which are made part hereof) and conditioned for the payment of the said sum, lawful money aforesaid, to the said Mortgagor,~~ xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx ~~and interest thereon,~~ ~~to be computed from~~ xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx ~~at rate of tax the rate of~~ xxxxxxxxxx ~~per cent~~ ~~per annum, payable in the following manner:~~

    This mortgage is being given to secure amounts owed by the Mortgagor to the Mortgagee for legal services rendered to the Mortgagee as more particularly described in letter dated August 18, 1998.

    This mortgage is subordinate to and subject to mortgage dated March 18, 1996 to Barry and McMoran.

~~But the said Mortgagor does covenant and agree to pay to the said Mortgagee, the said sum of money and interest as aforesaid, as mentioned above and expressed in the said Bond or other obligation.~~

*And it is hereby expressly agreed* that should any default be made in the payment of the said ~~interest~~ principal                                    *or of any part thereof, on any day whereon the same is made payable as herein expressed, or should any tax, assessment, water rent or other municipal or governmental rate, charge, imposition or lien, now or hereafter imposed or acquired upon the premises described in this Mortgage, be or become due and payable, and should the said* ~~interest~~ principal                                    *or any part thereof re-main unpaid and in arrears for the space of* thirty                              *days, or said tax, assessment, water rent or other municipal or governmental rate, charge, imposition or lien, or any of them, remain unpaid and in arrears for the space of* thirty                              *days, then and from thenceforth, that is to say, after the lapse or expiration of either of the said periods, as the case may be, or should there occur any default by the Mortgagor, in the performance of any other terms, covenants and conditions herein contained, the aforementioned principal sum together with interest and all arrearages of interest thereon, shall, at the option of the said Mortgagee, become and be due and payable immediately thereafter, although the period herein limited for the payment thereof may not then have expired, any-thing herein contained to the contrary notwithstanding. The said Mortgagee may, at Mortgagee's option, pay such tax, assessment, water rent or other municipal or governmental rate, charge, imposi-tion or lien, in arrears, and the amount so paid shall be added to and become part of the principal sum evidenced by the said Bond or other obligation and secured by this Mortgage, and shall be payable on demand, with interest* xxxxxxxxxxxxx ~~from the time of such payment.~~

*Now this Indenture Witnesseth, that the said Mortgagor, for better securing the payment of the said sum of money mentioned in the condition of the said Bond or obligation, with interest thereon, and the performance by it of the terms, covenants and conditions herein contained, accord-ing to the true intent and meaning thereof, and also for and in consideration of the sum of one dollar to the Mortgagor in hand paid by the said Mortgagee at or before the sealing and delivery of these*

*conveyed and confirmed, and by these presents does grant, bargain, sell, alien, release, convey and con-firm unto the said Mortgagee, forever,*

**All** that *tract or parcel* of land and premises, hereinafter particularly described, situate, lying and being in the Borough of Deal in the County of Monmouth and State of New Jersey

BEGINNING at a point in the south line of Roosevelt Avenue, distant 200.06 feet measured in an easterly direction along the south line thereof from the east line of Almyr Avenue; thence (1) south 68 degrees 00 minutes east along the south line of Roosevelt Avenue 200.06. feet; thence (2) south 20 degrees 34 minutes west 453.29 feet; thence (3) north 78 degrees 05 minutes 20 seconds west 202.30 feet; thence (4)north 20 degrees 34 minutes east 488.75 feet to the south line of Roosevelt Avenue and the point or place of BEGINNING.

Said premises being commonly known by street address as 69 Roosevelt Avenue, and by Block 15, Lot 4, in the Borough of Deal, Monmouth County, State of New Jersey.

**Together** with all and singular the buildings, improvements, ways, woods, waters, watercourses, rights, liberties, privileges, hereditaments and appurtenances to the same belonging or in anywise appertaining; and the reversion and reversions, remainder and remainders, rents, issues and profits thereof, and of every part and parcel thereof.

**And also** all the estate, right, title, interest, use, possession, property, claim and demand what-soever, of the said Mortgagor both in law and in equity

Case 2:93-cv-03985-SRC-MAS  Document 26-11  Filed 07/01/13  Page 36 of 114  PageID: 1574

agree to and with the said Mortgagee, that the said Mortgagor will pay in full, all taxes levied or to be levied upon the lands embraced in this Mortgage, and will also ... agree ... deduc-tion from the interest or principal hereby secured by reason of the payment of any taxes so levied or to be levied during the continuance of the lien of this Mortgage; and upon the breach of this covenant, or any part thereof, this Mortgage may become and be due and payable immediately, at the option of the said Mortgagee.

**And it is also Agreed,** that the said Mortgagor shall and will keep the buildings and improve-ments now on said premises or which may hereafter be erected thereon, insured against loss or dam-age against fire and other hazards by insurers and in an amount approved by the said Mortgagee, and will assign the policy and certifi-cates thereof to the said Mortgagee; and in default thereof, it shall be lawful for the said Mortgagee to effect such insurance, and the premiums paid for effecting the same shall be a lien on the said mort-gaged premises, added to the principal sum secured hereby, and shall be payable on demand, with inter-est at the rate of ___ % per year, from the time of payment of such premiums.

**And the said** Mortgagor shall and will keep the buildings and improvements now on said prem-ises or which may hereafter be erected thereon, in good and substantial repair. Failure so to do shall be a default in the terms and conditions of this Mortgage and the Bond or other obligation accompany-ing same. It shall be lawful for the Mortgagee, upon such default, to enter upon said premises and repair and keep the same in good and substantial repair; and the cost and expense thereof shall be a lien on the said mortgaged premises, added to the principal sum secured hereby, and shall be payable on demand together with interest at the rate of ___ % per year from the time of payment of such costs and expenses.

**And said** Mortgagor agrees that if default shall be made in any of the aforesaid covenants or conditions, then, in addition to all rights, remedies and recourses permitted by law, the said Mortgagee shall have the right forthwith, after any such default, to enter upon and take pos-session of the said mortgaged premises, and to let the said premises, and receive the rents, issues and profits thereof, and to apply the same, after payment of all necessary charges and expenses, on account of the amount hereby secured; and said rents and profits are, in the event of any such default, hereby assigned to the said Mortgagee; and the said Mortgagee shall also be at liberty immediately after any such default, upon proceedings being commenced for the foreclosure of this Mortgage, to apply for the appointment of a receiver of the rents and profits of the said premises, and be entitled to the appointment of such receiver as a matter of right, as security for the amounts due the said Mort-gagee, without consideration of the value of the mortgaged premises or solvency of any person or persons liable for the payment of such amounts.

**Failure** of the Mortgagee, in any one or more instances, to insist upon strict performance by the Mortgagor of any terms, covenants or conditions of this Mortgage, or to exercise any option or elec-tion herein conferred, shall not be deemed to be a waiver or relinquishment for the future of any such terms, covenants, conditions, elections or options.

**Wherever** in this instrument any party shall be designated or referred to by name or general ref-erence, such designation is intended to and shall have the same effect as if the words "heirs, executors, administrators, personal or legal representatives, successors and assigns" had been inserted after each and every such designation. All the terms, covenants and conditions herein contained shall be for and shall inure to the benefit of and shall bind the respective parties hereto, and their heirs, executors, administrators, personal or legal representatives, successors and assigns, respectively.

**In** all references herein to any parties, persons, entities or corporations, the use of any particular gender or the plural or singular number is intended to include the appropriate gender or number as the text of the within instrument may require.

**In Witness Whereof,** the said Mortgagor has caused these presents to be signed and attested by its proper corporate officers and its corporate seal to be hereto affixed the day and year first above written.

**THE MORTGAGOR HEREBY DECLARES AND ACKNOWLEDGES THAT THE MORTGAGOR HAS RECEIVED, WITHOUT CHARGE, A TRUE COPY OF THIS MORTGAGE.**

ATTESTED or Witnessed By:

S & E REALTY CO., INC.

By: _____

SECRETARY

Rose Antar                    President

I CERTIFY that on August 25, 1998, **ROSE ANTAR** personally came before me and this person acknowledged under oath, to my satisfaction, that:

(a)   this person signed and delivered the attached document as President of **S & E REALTY CO., INC.**, the corporation named in this document; and

(b)   this document was signed and made by the corporation as its voluntary act and deed by virtue of authority from its Board of Directors.

_____
Cynthia Brooks
Attorney at Law
State of New Jersey

## Mortgage.

S & E REALTY CO., INC.

~~Mortgage~~

TO

SAIBER SCHLESINGER SATZ &
GOLDSTEIN, LLC

Dated August 18,                    19 98

Record & Return to:
Cynthia Brooks, Esq.
Saiber Schlesinger Satz +
Goldstein
One Gateway Center
Newark, NJ 07102

To the Register or Clerk
County of

The within mortgage having been fully paid
and satisfied, you are hereby authorized to
cancel same of record.

Dated:                              19

_____(L. S.)

Signature of Mortgagee hereby certified to
be genuine.

_____

_____
President

Attest: _____
Secretary

CLERK'S OFFICE
MONMOUTH COUNTY
NEW JERSEY
INSTRUMENT NUMBER
1998121611
RECORDED ON
Aug 25, 1998
3:19:18 PM
BOOK:MB-6549
PAGE:869
Total Pages: 4

COUNTY RECORDING      $19.00
DEDICATED TRUST        $2.00
FEE:
UND COMMISSION
TOTAL            $21.00

# SAIBER SCHLESINGER
# SATZ & GOLDSTEIN, LLC

ATTORNEYS AT LAW

ONE GATEWAY CENTER
13TH FLOOR
NEWARK, NEW JERSEY 07102-5311
TELEPHONE (973) 622-3333

TELECOPIER (973) 622-3349

WWW.SAIBER.COM

DAVID M. SATZ, JR.
BRUCE I. GOLDSTEIN*•
WILLIAM F. MADERER*•
DAVID J. D'ALOIA*
JAMES H. AIBEL*
SEAN R. KELLY*•
JOHN L. CONOVER
LAWRENCE B. MINK
MICHAEL L. ALLEN*
JEFFREY W. LORELL*
JEFFREY M. SCHWARTZ
ARNOLD B. CALMANN*
DAVID J. SATZ
JOAN M. SCHWAB
JENNINE DISOMMA*
JAMES H. FORTE
VINCENT F. PAPALIA*
RANCI SCHILLINGER*
MICHAEL J. GERAGHTY*

SAMUEL S. SAIBER
NORMAN E. SCHLESINGER
OF COUNSEL

ROBERT B. NUSSBAUM
ROBERT J. FOGG
MICHELE F. VAILLANT*
COUNSEL

DEANNA M. BEACHAM
WILLIAM S. GYVES*
MICHELLE V. FLEISHMAN*
WENDY B. SCHRECKINGER
CYNTHIA BROOKS
LAUREN KENDE*
ALBERTO G. SANTOS*
JEREMY P. KLEIMAN*
ADAM S. RAVIN
JEFFREY E. ULIN*
JOHN IVANAC
LAURIE S. JACOBOVITZ*
RICHARD G. DOWNING II*
SHEILA B. KENNY*
DIANA L. PARMER*

* MEMBER OF NJ & NY BARS
+ CERTIFIED CIVIL AND CRIMINAL
   TRIAL ATTORNEY
• CERTIFIED CIVIL TRIAL ATTORNEY

November 11, 1998

Richard E. Simpson, Esq.
U.S. Securities and Exchange Commission
450 Fifth Street, N.W. Mail Stop 88
Washington, D.C. 20549

> Re:   Securities and Exchange Commission v. Sam M. Antar, et al.,
>        Civ. No. 93-3988 (HAA)

Dear Mr. Simpson:

We wish to bring the following information to your attention regarding Defendant Sam M. Antar's Responses to the Interrogatories propounded by the S.E.C.:

1. In regard to paragraph No. 5 in response to Interrogatory No. 1, on or about April 30, 1997, Mr. Antar transferred his 50% interest valued at approximately $750,000 in an entity known as S & E Realty, Inc., which is an Arizona company owning real estate, to his wife Rose Antar.

2. In regard to paragraph No. 2 in response to Interrogatory No. 3, the location of the property is on Avenue "Z" in Brooklyn, NY rather than Avenue "2."

118004_1

SAIBER SCHLESINGER SATZ & GOLDSTEIN, LLC

Richard E. Simpson, Esq.
November 11, 1998
Page 2

We will of course keep you apprised of any other corrections or additional information as such information becomes available to us.

Very truly yours,

ADAM S. RAVIN

ASR:mc

118004_1

Thomas W. Ackermann, Esq.

# D E E D

**COUNTY OF MONMOUTH**
CONSIDERATION _____
RTF _____ RTF
DATE _____ BY _____

**THIS DEED** is made on May 15, 1997

**BETWEEN   SAM ANTAR and ROSE ANTAR, his wife, as Tenants by the Entirety,**

whose post office address is 717 Ocean Avenue, Unit 710, Long Branch, New Jersey 07740 hereinafter referred to collectively as the "Grantor".

**AND        ROSE ANTAR, married,**

whose post office address is 717 Ocean Avenue, Unit 710, Long Branch, New Jersey, 07740, hereinafter referred to collectively as the "Grantee".

**TRANSFER OF OWNERSHIP.** The Grantor hereby grants and conveys (transfers ownership of) the property described below to the Grantee. This transfer is made for the sum of LESS THAN ONE HUNDRED DOLLARS ($100.00). The Grantor acknowledges receipt of this money.

**TAX MAP REFERENCE.** (N.J.S.A. 46:15-2.1)  Municipality of Long Branch, Block No. 87,   part of Lot No. 4.

**PROPERTY.** The property consists of the following described property in the City of Long Branch, County of Monmouth and State of New Jersey. The legal description is:

Unit No. 710 in Ocean Cove, a Condominium, together with an undivided .89364 percent interest in the Common Elements appurtenant thereto, and together with the exclusive right to the use of Cabana No. 46, a Limited Common Element in Ocean Cove, a Condominium, all in accordance with and subject to the terms, limitations, conditions, covenants, restrictions and other provisions of the Master Deed dated April 30, 1984, and recorded on May 16, 1984, in Deed Book 4479, Page 130, in the Office of the Clerk of Monmouth County, New Jersey, said Unit being situated in said Ocean Cove, a Condominium as the same may now or hereafter be lawfully amended subject to provisions of the By-Laws of Ocean Cove Condominium Association, Inc.

The above described premises are part of Lot 4 in Block 87 on the Tax Map of the City of Long Branch.

Being a part of premises described in Master Deed made by Ocean Cove Associates, Ltd. dated April 30, 1984, and recorded May 16, 1984, in Book 479 of Deeds, page 130, et seq. in the Monmouth County Clerk's Office.



1. The terms, limitations, conditions, covenants, restrictions and other provisions, including lien and assessment rights, set forth in the Master Deed above referred to and the documents attached thereto. The Party of the Second Part, by acceptance of this Deed, agrees the Party of the Second Part, their legal representatives, heirs, successors and assigns will be bound thereby and hereby ratifies and confirms the same.

2. Facts shown on the survey attached to the Master Deed and such further facts as may be shown by more recent surveys.

3. Utility easements and consents, if any, now or hereafter recorded.

4. Easements, restrictions, rights of way, agreements and conditions of record.

Being the same premises conveyed to the Grantors herein under Deed from Ocean Cove Associates, Ltd. dated May 28, 1985, and recorded in the Monmouth County Clerk's Office on June 6, 1985 in Deed Book 4567, at page 174; it being the intention of Sam Antar, one of the grantors herein by this deed to convey unto the Grantee all his right, title and interest in and to the above-described property, including his curtesy rights and to release any and all right of curtesy Grantor may have in the premises in accordance with the provisions of N.J.S.A. 37:2-18, so that grantee shall hold the same in fee simple absolute.

**PROMISES BY GRANTOR.** The Grantor promises that the Grantor has done no act to encumber the property. This promise is called a "covenant as to grantor's acts" (N.J.S.A. 46:4-6). This promise means that the Grantor has not allowed anyone else to obtain any legal rights which affect the property (such as by making a mortgage or allowing a judgment to be entered against Grantor).

**SIGNATURES.** The Grantor signs this Deed as of the date at the top of the first page.

WITNESS:

THOMAS W. ACKERMANN, ESQ.
As to both

SAM ANTAR

ROSE ANTAR

**ACKNOWLEDGMENT**

STATE OF NEW JERSEY )
                                      ss:
COUNTY OF ESSEX      )

I CERTIFY that on May 15, 1997, SAM ANTAR and ROSE ANTAR personally came before me and acknowledged under oath, to my satisfaction, that this person (or if more than one, each person):

(a)   is named in and personally signed this Deed;
(b)   signed, sealed and delivered this Deed as his or her act and deed; and
(c) ,   made this Deed for less than $100.00 as the full and actual consideration paid or to be paid for such transfer of title. (Such consideration is defined in N.J.S.A. 46:15-5.)

THOMAS W. ACKERMANN,
Attorney at Law of New Jersey

To be recorded with Deed pursuant to c. 49, P.L. 1968, as amended by c. 225, P.L. 1985 (N.J.S.A. 46:15-5 et seq.)

**STATE OF NEW JERSEY**

**COUNTY OF** ___ESSEX___  SS.

<table>
<tr><td colspan="2">FOR RECORDER'S USE ONLY</td></tr>
<tr><td>Consideration $</td><td></td></tr>
<tr><td>Realty Transfer Fee $</td><td></td></tr>
<tr><td>Date</td><td>By</td></tr>
</table>

\* Use symbol "C" to indicate that fee is exclusively for county use.

ORIGINAL AND COPY MUST BE SUBMITTED WITH DEED TO COUNTY RECORDING OFFICER

**(1) PARTY OR LEGAL REPRESENTATIVE**    (See Instructions #3, 4 and 5 on reverse side.)

Deponent _____SAM ANTAR_____ , being duly sworn according to law upon his/her oath
(Name)

deposes and says that he/she is the one of the Grantors _____ in a deed dated May 15, 1997
(State whether Grantor, Grantee, Legal Representative, Corporate Officer, Officer of Title Co., Lending Institution, etc.)

transferring real property identified as Block No. ___87,___        part of        Lot No. ___4___

located at ___717 Ocean Avenue, Unit 710, Long Branch, Monmouth County___
(Street Address, Municipality, County)

_____and annexed hereto.

**(2) CONSIDERATION**    (See Instruction #6.)

Deponent states that, with respect to deed hereto annexed, the actual amount of money and the monetary value of any other thing of value constituting the entire compensation paid or to be paid for the transfer of title to the lands, tenements or other realty, including the remaining amount of any prior mortgage to which the transfer is subject or which is to be assumed and agreed to be paid by the grantee and any other lien or encumbrance thereon not paid, satisfied or removed in connection with the transfer of title is $less than $100

**(3) FULL EXEMPTION FROM FEE**    Deponent claims that this deed transaction is fully exempt from the Realty Transfer Fee imposed by c.49, P.L. 1968, for the following reason(s): Explain in detail. (See Instruction #7.) Mere reference to exemption symbol is not sufficient.

_____Conveyance is between husband and wife._____

**(4) PARTIAL EXEMPTION FROM FEE**

NOTE: *All boxes below apply to grantor(s) only. ALL BOXES IN AP-PROPRIATE CATEGORY MUST BE CHECKED. Failure to do so will void claim for partial exemption. (See Instructions #8 and #9.)*

Deponent claims that this deed transaction is exempt from the increased portion of the Realty Transfer Fee imposed by c. 176, P. L. 1975 for the following reason(s):

**A)  SENIOR CITIZEN**    (See Instruction #8.)
☐ Grantor(s) 62 yrs. of age or over. *
☐ One or two-family residential premises.
☐ Owned and occupied by grantor(s) at time of sale.
☐ No joint owners other than spouse or other qualified exempt owners.

**B)  BLIND**    (See Instruction #8.)
☐ Grantor(s) legally blind. *
☐ One- or two-family residential premises.
☐ Owned and occupied by grantor(s) at time of Sale.
☐ No joint owners other than spouse or other qualified exempt owners.

**DISABLED**    (See Instruction #8.)
☐ Grantor(s) permanently and totally disabled. *
☐ One or two-family residential premises.
☐ Receiving disability payments.
☐ Owned and occupied by grantor(s) at time of sale.
☐ Not gainfully employed.
No joint owners other than spouse or other qualified exempt owners.

* IN THE CASE OF HUSBAND AND WIFE, ONLY ONE GRANTOR NEED QUALIFY.

**C)  LOW AND MODERATE INCOME HOUSING**
☐ Affordable According to HUD Standards.
☐ Meets Income Requirements of Region.

(See Instruction #8.)
☐ Reserved for Occupancy.
☐ Subject to Resale Controls.

**D)  NEW CONSTRUCTION**    (See Instruction #9.)
☐ Entirely new improvement.
☐ Not previously used for any purpose.
☐ Not previously occupied.

Deponent makes this Affidavit to induce the County Clerk or Register of Deeds to record the deed and accept the fee submitted herewith in accordance with the provisions of c. 49, P.L. 1968.

Subscribed and sworn to before me this 15th day of May, 1997

_____
Thomas W. Ackermann,
Attorney at Law of New Jersey

Name of Deponent (sign above line)
Sam Antar
717 Ocean Ave., Unit 710
Long Branch, NJ 07740
Address of Deponent

Name of Grantor (type above line)
Sam and Rose Antar
717 Ocean Ave., Unit 710
Long Branch, NJ 07740
Address of Grantor at Time of Sale

<table>
<tr><td colspan="4">FOR OFFICIAL USE ONLY This space for use of County Clerk or Register of Deeds.</td></tr>
<tr><td>Instrument Number</td><td colspan="3">County</td></tr>
<tr><td>Deed Number</td><td>Book</td><td colspan="2">Page</td></tr>
<tr><td>Deed Dated</td><td colspan="3">Date Recorded</td></tr>
</table>

IMPORTANT - BEFORE COMPLETING THIS AFFIDAVIT, PLEASE READ THE INSTRUCTIONS ON THE REVERSE SIDE HEREOF.
This format is prescribed by the Director, Division of Taxation in the Department of the Treasury, as required by law, and may not be altered without the approval of the Director.
ORIGINAL - To be retained by County.
DUPLICATE - To be forwarded by County to Division of Taxation on partial exemption from fee (N.J.A.C. 18:16 - 8.12)
TRIPLICATE - Is your file copy.

CLERK'S OFFICE
MONMOUTH COUNTY
NEW JERSEY

INSTRUMENT NUMBER
1997081517
RECORDED ON
Jul 09, 1997
3:26:13 PM
BOOK:OB-5623 PG:466
Total Pages: 4

COUNTY RECORDING     $22.00
FEES

DEDICATED TRUST       $2.00
FUND COMMISSION

TOTAL                $24.00

|                    |     |                              |
| ------------------ | --- | ---------------------------- |

# D E E D

:    Dated:  May 15, 1997

:

SAM ANTAR and
ROSE ANTAR, his wife,

                           Grantor

        TO

ROSE ANTAR, married,

                          Grantee

RECORD AND RETURN TO:

THOMAS W. ACKERMANN, ESQ.
Ravin, Sarasohn, Cook,
  Baumgarten, Fisch & Rosen, P.C.
103 Eisenhower Parkway
Roseland, NJ 07068

F:\WPDOCS\DOCS\493\1\S10939.1

Thomas W. Ackermann, Esq.

# D E E D

THIS DEED is made on May 15, 1997

COUNTY OF MONMOUTH
CONSIDERATION _____
RTF _____ RTF
DATE _____ BY _____

### BETWEEN   ROSE ANTAR, married,

whose post office address is 717 Ocean Avenue, Unit 710, Long Branch, New Jersey 07740 hereinafter referred to collectively as the "Grantor".

AND          ROSE ANTAR and ELLEN KUSZER, as Co-Trustees of the Rose Antar Qualified Personal Residence Trust #1 dated May 15, 1997,

whose post office address is 717 Ocean Avenue, Unit 710, Long Branch, New Jersey, 07740, hereinafter referred to collectively as the "Grantee".

**TRANSFER OF OWNERSHIP.** The Grantor hereby grants and conveys (transfers ownership of) the property described below to the Grantee. This transfer is made for the sum of LESS THAN ONE HUNDRED DOLLARS ($100.00). The Grantor acknowledges receipt of this money.

**TAX MAP REFERENCE.** (N.J.S.A. 46:15-2.1)  Municipality of Long Branch, Block No. 87,  part of Lot No. 4.

**PROPERTY.** The property consists of the following described property in the City of Long Branch, County of Monmouth and State of New Jersey. The legal description is:

Unit No. 710 in Ocean Cove, a Condominium, together with an undivided .89364 percent interest in the Common Elements appurtenant thereto, and together with the exclusive right to the use of Cabana No. 46, a Limited Common Element in Ocean Cove, a Condominium, all in accordance with and subject to the terms, limitations, conditions, covenants, restrictions and other provisions of the Master Deed dated April 30, 1984, and recorded on May 16, 1984, in Deed Book 4479, Page 130, in the Office of the Clerk of Monmouth County, New Jersey, said Unit being situated in said Ocean Cove, a Condominium as the same may now or hereafter be lawfully amended subject to provisions of the By-Laws of Ocean Cove Condominium Association, Inc.

The above described premises are part of Lot 4 in Block 87 on the Tax Map of the City of Long Branch.

Being a part of premises described in Master Deed made by Ocean Cove Associates, Ltd. dated April 30, 1984, and recorded May 16, 1984, in Book 479 of Deeds, page 130, et seq. in the Monmouth County Clerk's Office.



1.   The terms, limitations, conditions, covenants, restrictions and other provisions, including lien and assessment rights, set forth in the Master Deed above referred to and the documents attached thereto. The Party of the Second Part, by acceptance of this Deed, agrees the Party of the Second Part, their legal representatives, heirs, successors and assigns will be bound thereby and hereby ratifies and confirms the same.

2.   Facts shown on the survey attached to the Master Deed and such further facts as may be shown by more recent surveys.

3.   Utility easements and consents, if any, now or hereafter recorded.

4.   Easements, restrictions, rights of way, agreements and conditions of record.

Being the same premises conveyed to the Grantor herein under Deed from Sam Antar and Rose Antar of even date and to be recorded simultaneously herewith.

**PROMISES BY GRANTOR.** The Grantor promises that the Grantor has done no act to encumber the property. This promise is called a "covenant as to grantor's acts" (N.J.S.A. 46:4-6). This promise means that the Grantor has not allowed anyone else to obtain any legal rights which affect the property (such as by making a mortgage or allowing a judgment to be entered against Grantor).

**SIGNATURES.** The Grantor signs this Deed as of the date at the top of the first page.

WITNESS:

_____
THOMAS W. ACKERMANN, ESQ.

_____
ROSE ANTAR

**ACKNOWLEDGMENT**

STATE OF NEW JERSEY )
                                          ) ss:
COUNTY OF ESSEX        )

I CERTIFY that on May 15, 1997, ROSE ANTAR personally came before me and acknowledged under oath, to my satisfaction, that this person (or if more than one, each person):

(a)   is named in and personally signed this Deed;

(b)   signed, sealed and delivered this Deed as his or her act and deed; and

(c)   made this Deed for less than $100.00 as the full and actual consideration paid or to be paid for such transfer of title. (Such consideration is defined in N.J.S.A. 46:15-5.)

_____
THOMAS W. ACKERMANN,
Attorney at Law of New Jersey

To be recorded with Deed pursuant to c. 49, P.L. 1968, as amended by c. 225, P.L. 1985 (N.J.S.A. 46:15-5 et seq.)

STATE OF NEW JERSEY
COUNTY OF _____ESSEX_____ SS.

**FOR RECORDER'S USE ONLY**
Consideration $
Realty Transfer Fee $
Date
* Use symbol "C" to indicate that fee is exclusively for county use.

## (1) PARTY OR LEGAL REPRESENTATIVE   (See Instructions #3, 4 and 5 on reverse side.)

Deponent _____ROSE ANTAR_____ , being duly sworn according to law upon his/her oath
(Name)

deposes and says that he/she is the _____Grantor_____ in a deed dated May 15, 1997
(State whether Grantor, Grantee, Legal Representative, Corporate Officer, Officer of Title Co., Lending Institution, etc.)

transferring real property identified as Block No. __87,__ __part of__ Lot No. __4__

located at __717 Ocean Avenue, Unit 710, Long Branch, Monmouth County__
(Street Address, Municipality, County)

_____ and annexed hereto.

## (2) CONSIDERATION   (See Instruction #6.)

Deponent states that, with respect to deed hereto annexed, the actual amount of money and the monetary value of any other thing of value constituting the entire compensation paid or to be paid for the transfer of title to the lands, tenements or other realty, including the remaining amount of any prior mortgage to which the transfer is subject or which is to be assumed and agreed to be paid by the grantee and any other lien or encumbrance thereon not paid, satisfied or removed in connection with the transfer of title is $ __less than $100.__

## (3) FULL EXEMPTION FROM FEE
Deponent claims that this deed transaction is fully exempt from the Realty Transfer Fee imposed by c.49, P.L. 1968, for the following reason(s): Explain in detail. (See Instruction #7.) Mere reference to exemption symbol is not sufficient.

__Consideration is less than $100.__

## (4) PARTIAL EXEMPTION FROM FEE
*NOTE: All boxes below apply to grantor(s) only. ALL BOXES IN APPROPRIATE CATEGORY MUST BE CHECKED. Failure to do so will void claim for partial exemption. (See Instructions #8 and #9.)*

Deponent claims that this deed transaction is exempt from the increased portion of the Realty Transfer Fee imposed by c. 176, P. L. 1975 for the following reason(s):

A) **SENIOR CITIZEN**   (See Instruction #8.)
☐ Grantor(s) 62 yrs. of age or over. *
☐ One or two-family residential premises.
☐ Owned and occupied by grantor(s) at time of sale.
☐ No joint owners other than spouse or other qualified exempt owners.

B) **BLIND**   (See Instruction #8.)
☐ Grantor(s) legally blind. *
☐ One- or two-family residential premises.
☐ Owned and occupied by grantor(s) at time of Sale.
☐ No joint owners other than spouse or other qualified exempt owners.

**DISABLED**   (See Instruction #8.)
☐ Grantor(s) permanently and totally disabled. *
☐ One or two-family residential premises.
☐ Receiving disability payments.
☐ Owned and occupied by grantor(s) at time of sale.
☐ Not gainfully employed.
No joint owners other than spouse or other qualified exempt owners.

* IN THE CASE OF HUSBAND AND WIFE, ONLY ONE GRANTOR NEED QUALIFY.

C) **LOW AND MODERATE INCOME HOUSING**   (See Instruction #8.)
☐ Affordable According to HUD Standards.
☐ Meets Income Requirements of Region.
☐ Reserved for Occupancy.
☐ Subject to Resale Controls.

D) **NEW CONSTRUCTION**   (See Instruction #9.)
☐ Entirely new improvement.
☐ Not previously used for any purpose.
☐ Not previously occupied.

Deponent makes this Affidavit to induce the County Clerk or Register of Deeds to record the deed and accept the fee submitted herewith in accordance with the provisions of c. 49, P.L. 1968.

Subscribed and sworn to before me this 15th day of May, 1997

*Rose Antar*
Name of Deponent (sign above line)
Rose Antar
717 Ocean Ave., Unit 710
Long Branch, NJ 07740
Address of Deponent

Rose Antar
Name of Grantor (type above line)
717 Ocean Ave., Unit 710
Long Branch, NJ 07740
Address of Grantor at Time of Sale

Thomas W. Ackermann,
Attorney at Law of New Jersey

| FOR OFFICIAL USE ONLY This space for use of County Clerk or Register of Deeds. |
| Instrument Number _____ County _____ |
| Deed Number _____ Book _____ Page _____ |
| Deed Dated _____ Date Recorded _____ |

**IMPORTANT - BEFORE COMPLETING THIS AFFIDAVIT, PLEASE READ THE INSTRUCTIONS ON THE REVERSE SIDE HEREOF.**
This format is prescribed by the Director, Division of Taxation in the Department of the Treasury, as required by law, and may not be altered without the approval of the Director.

ORIGINAL AND COPY MUST BE SUBMITTED WITH DEED TO COUNTY RECORDING OFFICER

CLERK'S OFFICE
MONMOUTH COUNTY
NEW JERSEY

INSTRUMENT NUMBER
1997081518
RECORDED ON
Jul 09, 1997
3:26:14 PM
BOOK:OB-5623 PG:470
Total Pages: 6

COUNTY RECORDING    $22.00
FEES
DEDICATED TRUST     $2.00
FUND COMMISSION
TOTAL               $24.00

|  |  |  |
|---|---|---|

# D E E D

Dated:   May 15, 1997

ROSE ANTAR, married,

Grantor

**RECORD AND RETURN TO:**

TO

THOMAS W. ACKERMANN, ESQ.
Ravin, Sarasohn, Cook,
  Baumgarten, Fisch & Rosen, P.C.
103 Eisenhower Parkway
Roseland, NJ 07068

ROSE ANTAR and ELLEN KUSZER, as
Co-Trustees of the Rose Antar
Qualified Personal Residence Trust #1
dated May 15, 1997,

Grantee

F:\WPDOCS\DOCS\493811\510961.1

RECEIVED & RECORDED
UNION COUNTY, N.J.
97 AUG -8 PM 3:33
JOANNE RAJOPPI
COUNTY CLERK

42780

Prepared by:

Thomas W. Ackermann, Esq.

## D E E D

THIS DEED is made on May 15, 1997

BETWEEN   SAM ANTAR, married,

whose post office address is 717 Ocean Avenue, Unit 710, Long Branch, New Jersey 07740 hereinafter referred to collectively as the "Grantor".

AND       ROSE ANTAR, married,

whose post office address is 717 Ocean Avenue, Unit 710, Long Branch, New Jersey, 07740, hereinafter referred to collectively as the "Grantee".

TRANSFER OF OWNERSHIP. The Grantor hereby grants and conveys (transfers ownership of) the property described below to the Grantee. This transfer is made for the sum of LESS THAN ONE HUNDRED DOLLARS ($100.00). The Grantor acknowledges receipt of this money.

TAX MAP REFERENCE. (N.J.S.A. 46:15-2.1) Municipality of Union, Block No. 4003,           Lot No. 7.

PROPERTY. All that certain tract or parcel of land and premises, situate, lying and being in the Township of Union, County of Union and State of New Jersey and more particularly described as follows:

See Schedule A-Legal Description attached hereto and made a part hereof consisting of one (1) page.

Being the same premises conveyed to the Grantor herein under Deed from Kelso Industries, Inc., a New York corporation, dated December 31, 1980, and recorded November 24, 1981 in the Union County Register's Office in Deed Book 3272 at page 941 and under Deed from 22 Union Realty Corp., a New Jersey corporation, dated March 12, 1990, and recorded March 14, 1990 in the Union County Register's Office in Deed Book 3631 at page 791.

COUNTY OF UNION
CONSIDERATION
REALTY TRANSFER FEE
DATE  8-8-97  BY

DB4555-0307



PLAINTIFF'S EXHIBIT

**PROMISES BY GRANTOR.** The Grantor promises that the Grantor has done no act to encumber the property. This promise is called a "covenant as to grantor's acts" (N.J.S.A. 46:4-6). This promise means that the Grantor has not allowed anyone else to obtain any legal rights which affect the property (such as by making a mortgage or allowing a judgment to be entered against Grantor).

**SIGNATURES.** The Grantor signs this Deed as of the date at the top of the first page.

WITNESS:

_____          _____
THOMAS W. ACKERMANN, ESQ.                SAM ANTAR

**ACKNOWLEDGMENT**

STATE OF NEW JERSEY )
                    ) ss:
COUNTY OF ESSEX     )

I CERTIFY that on May 15, 1997, SAM ANTAR personally came before me and acknowledged under oath, to my satisfaction, that this person (or if more than one, each person):

    (a)    is named in and personally signed this Deed;
    (b)    signed, sealed and delivered this Deed as his or her act and deed; and
    (c)    made this Deed for less than $100.00 as the full and actual consideration paid or to be paid for such transfer of title. (Such consideration is defined in N.J.S.A. 46:15-5.)

_____
THOMAS W. ACKERMANN,
Attorney at Law of New Jersey

084555-0308

## SCHEDULE A - LEGAL DESCRIPTION

Beginning at a point in the northerly right-of-way line of New Jersey State Highway Route 22 (westbound lane) where the same is intersected by the southerly line of Lafayette Avenue, said beginning point being also distant 360 feet westerly measured along said southerly line of Lafayette Avenue from its intersection with the westerly line of Henry Street; thence

(1)     North 79 degrees 49 minutes 36 seconds west along said northerly right-of-way line of New Jersey State Highway Route 22 (westbound lane) 200 feet to a point; thence

(2)     North 24 degrees 42 minutes west 254.01 feet to a point; thence

(3)     North 72 degrees 37 minutes 30 seconds east parallel with and distant 100 feet southerly from the southerly line of West Chestnut Street measured at right angles thereto, 185.05 feet to a point in the westerly line of Lot #248, Block #4 as said lot is delineated on a certain map entitled, "Caldwell Park Tract Sec. 2, Union Township, Union Co., N.J." thence

(4)     South 27 degrees 16 minutes 54 seconds east along said westerly line of Lot #248, Block #4, 43.55 feet to a point; thence

(5)     South 0 degrees 42 minutes 54 seconds east 55.90 feet to a point in the westerly line of Lot #299, Block #5 as said lot is delineated on the aforementioned map of Caldwell Park Tract Section 2; thence

(6)     South 27 degrees 16 minutes 54 seconds east along the westerly line of Lots 299 and 323, Block 5, 200 feet to a point in the northerly line of Lafayette Avenue; thence

(7)     South 15 degrees 58 minutes east 50.99 feet to the place of beginning.

The foregoing described premises is also known as Lot No 7, Block No. 4003, on the Tax Map of the Township of Union.

The premises is conveyed together with all the buildings, improvements, rights, liberties, privileges, hereditaments and appurtenances belonging to the premises or in anyway appertaining; the reversions, remainders, rents, issues and profits of the property, claim and demand of the Grantor both in law and in equity, of, in and to the premises, and every part and parcel of the premises and the appurtenances.

0B4555-0309

NC1645 - Affidavit of Consideration
RTF-1 (Rev. 1/1/96)
11/96

**STATE OF NEW JERSEY**
**AFFIDAVIT OF CONSIDERATION OR EXEMPTION**
(c. 49, P.L. 1968)
or
**PARTIAL EXEMPTION**
(c. 176, P.L. 1975)

ALL-STATE Legal
A Division of ALL-STATE® International, Inc.
908-272-0800

To be recorded with Deed pursuant to c. 49, P.L. 1968, as amended by c. 225, P.L. 1985 (N.J.S.A. 46:15-5 et seq.)

**STATE OF NEW JERSEY**

**COUNTY OF**   ESSEX

SS.

FOR RECORDER'S USE ONLY
Consideration $ _155_ _thou_ _100_ ____
Realty Transfer Fee $ _____
Date _____ By _m_____
* Use symbol "C" to indicate that fee is exclusively for county use.

**(1) PARTY OR LEGAL REPRESENTATIVE**   (See Instructions #3, 4 and 5 on reverse side.)

Deponent _____ Sam Antar _____ , being duly sworn according to law upon his/her oath
(Name)

deposes and says that he/she is the _____ Grantor _____ in a deed dated May 15, 1997
(State whether Grantor, Grantee, Legal Representative, Corporate Officer, Officer of Title Co., Lending Institution, etc.)

transferring real property identified as Block No. _4003_ _____ Lot No. _7_ ____

located at   2155 Route 22 West, Union, Union County
(Street Address, Municipality, County)
_____ and annexed hereto.

**(2) CONSIDERATION**   (See Instruction #6.)

Deponent states that, with respect to deed hereto annexed, the actual amount of money and the monetary value of any other thing of value constituting the entire compensation paid or to be paid for the transfer of title to the lands, tenements or other realty, including the remaining amount of any prior mortgage to which the transfer is subject or which is to be assumed and agreed to be paid by the grantee and any other lien or encumbrance thereon not paid, satisfied or removed in connection with the transfer of title is $ _less than $100._

**(3) FULL EXEMPTION FROM FEE**   Deponent claims that this deed transaction is fully exempt from the Realty Transfer Fee imposed by c.49, P.L. 1968, for the following reason(s): Explain in detail. (See Instruction #7.) Mere reference to exemption symbol is not sufficient.

Conveyance is between husband and wife.

**(4) PARTIAL EXEMPTION FROM FEE**

NOTE: All boxes below apply to grantor(s) only. ALL BOXES IN APPROPRIATE CATEGORY MUST BE CHECKED. Failure to do so will void claim for partial exemption. (See Instructions #8 and #9.)

Deponent claims that this deed transaction is exempt from the increased portion of the Realty Transfer Fee imposed by c. 176, P. L. 1975 for the following reason(s):

**A)  SENIOR CITIZEN**   (See Instruction #8.)
☐ Grantor(s) 62 yrs. of age or over. *
☐ One or two-family residential premises.

☐ Owned and occupied by grantor(s) at time of sale.
☐ No joint owners other than spouse or other qualified exempt owners.

**B)  BLIND**   (See Instruction #8.)
☐ Grantor(s) legally blind. *
☐ One- or two-family residential premises.
☐ Owned and occupied by grantor(s) at time of Sale.
☐ No joint owners other than spouse or other qualified exempt owners.

* IN THE CASE OF HUSBAND AND WIFE, ONLY ONE GRANTOR NEED QUALIFY.

**DISABLED**   (See Instruction #8.)
☐ Grantor(s) permanently and totally disabled. *
☐ One or two-family residential premises.
☐ Receiving disability payments.
☐ Owned and occupied by grantor(s) at time of sale.
☐ Not gainfully employed.
No joint owners other than spouse or other qualified exempt owners.

**C)  LOW AND MODERATE INCOME HOUSING**   (See Instruction #8.)
☐ Affordable According to HUD Standards.
☐ Meets Income Requirements of Region.
☐ Reserved for Occupancy;
☐ Subject to Resale Controls.

**D)  NEW CONSTRUCTION**   (See Instruction #9.)
☐ Entirely new improvement.
☐ Not previously used for any purpose.
☐ Not previously occupied.

Deponent makes this Affidavit to induce the County Clerk or Register of Deeds to record the deed and accept the fee submitted herewith in accordance with the provisions of c. 49, P.L. 1968.

Subscribed and sworn to before me
this _15th_
day of _May_, 1997

_____
Name of Deponent (type above line)
Sam Antar
717 Ocean Ave., Unit 710
Long Branch, NJ 07740
Address of Deponent

Thomas W. Ackermann,
Attorney at Law of New Jersey

_____
Name of Grantor (type above line)
Sam Antar
717 Ocean Ave., Unit 710
Long Branch, NJ 07740
Address of Grantor at Time of Sale

| FOR OFFICIAL USE ONLY | This space for use of County Clerk or Register of Deeds. | | |
|---|---|---|---|
| Instrument Number | _____ | County _Union_ | |
| Deed Number | _4555_ | Block _____ | Page _3-07_ |
| Deed Dated | _5-15-97_ | Date Recorded | _5-15-97_ |

IMPORTANT - BEFORE COMPLETING THIS AFFIDAVIT, PLEASE READ THE INSTRUCTIONS ON THE REVERSE SIDE HEREOF. This format is prescribed by the Director, Division of Taxation in the Department of the Treasury, as required by law, and may not be altered without the approval of the Director.
ORIGINAL - To be retained by County.
DUPLICATE - To be forwarded by County to Division of Taxation on partial exemption from fee (N.J.A.C. 18:16 - 8.12)
TRIPLICATE - Is your file copy.   064555-0310

ORIGINAL AND COPY MUST BE SUBMITTED WITH DEED TO COUNTY RECORDING OFFICER

RECEIVED & RECORDED
UNION COUNTY, N.J.
97 AUG 21 PM 3:46
JOANNE RAJOPPI
COUNTY CLERK

43224

Prepared by:

_Thomas W. Ackermann_
Thomas W. Ackermann, Esq.

## D E E D

THIS DEED is made on _August 8_, 1997

BETWEEN   ROSE ANTAR, married,

whose post office address is 717 Ocean Avenue, Unit 710, Long Branch, New Jersey 07740 hereinafter referred to collectively as the "Grantor".

AND        R.A.S. FAMILY PARTNERSHIP, L.P., a New Jersey Limited
           Partnership,

having an address at 717 Ocean Avenue, Unit 710, Long Branch, New Jersey, 07740, hereinafter referred to collectively as the "Grantee".

TRANSFER OF OWNERSHIP.  The Grantor hereby grants and conveys (transfers ownership of) the property described below to the Grantee. This transfer is made for the sum of LESS THAN ONE HUNDRED DOLLARS ($100.00). The Grantor acknowledges receipt of this money.

TAX MAP REFERENCE. (N.J.S.A. 46:15-2.1) Municipality of Union,
Block No. 4003,         Lot No. 7.

PROPERTY.   All that certain tract or parcel of land and premises, situate, lying and being in the Township of Union, County of Union and State of New Jersey and more particularly described as follows:

See Schedule A-Legal Description attached hereto and made a part hereof consisting of one (1) page.

Being the same premises conveyed to the Grantor herein under Deed from Sam Antar, married, of even date and to be recorded simultaneously herewith.

PLAINTIFF'S
EXHIBIT
P-30

COUNTY OF UN
CONSIDERATION  _less than $100.00_
REALTY TRANSFER FEE  _exempt_
DATE  _8-21-97_

084560-0274

## SCHEDULE A - LEGAL DESCRIPTION

Beginning at a point in the northerly right-of-way line of New Jersey State Highway Route 22 (westbound lane) where the same is intersected by the southerly line of Lafayette Avenue, said beginning point being also distant 360 feet westerly measured along said southerly line of Lafayette Avenue from its intersection with the westerly line of Henry Street; thence

(1)     North 79 degrees 49 minutes 36 seconds west along said northerly right-of-way line of New Jersey State Highway Route 22 (westbound lane) 200 feet to a point; thence

(2)     North 24 degrees 42 minutes west 254.01 feet to a point; thence

(3)     North 72 degrees 37 minutes 30 seconds east parallel with and distant 100 feet southerly from the southerly line of West Chestnut Street measured at right angles thereto, 185.05 feet to a point in the westerly line of Lot #248, Block #4 as said lot is delineated on a certain map entitled, "Caldwell Park Tract Sec. 2, Union Township, Union Co., N.J."' thence

(4)     South 27 degrees 16 minutes 54 seconds east along said westerly line of Lot #248, Block #4, 43.55 feet to a point; thence

(5)     South 0 degrees 42 minutes 54 seconds east 55.90 feet to a point in the westerly line of Lot #299, Block #5 as said lot is delineated on the aforementioned map of Caldwell Park Tract Section 2; thence

(6)     South 27 degrees 16 minutes 54 seconds east along the westerly line of Lots 299 and 323, Block 5, 200 feet to a point in the northerly line of Lafayette Avenue; thence

(7)     South 15 degrees 58 minutes east 50.99 feet to the place of beginning.

The foregoing described premises is also known as Lot No 7, Block No. 4003, on the Tax Map of the Township of Union.

The premises is conveyed together with all the buildings, improvements, rights, liberties, privileges, hereditaments and appurtenances belonging to the premises or in anyway appertaining; the reversions, remainders, rents, issues and profits of the property, claim and demand of the Grantor both in law and in equity, of, in and to the premises, and every part and parcel of the premises and the appurtenances.

**PROMISES BY GRANTOR.** The Grantor promises that the Grantor has done no act to encumber the property. This promise is called a "covenant as to grantor's acts" (N.J.S.A. 46:4-6). This promise means that the Grantor has not allowed anyone else to obtain any legal rights which affect the property (such as by making a mortgage or allowing a judgment to be entered against Grantor):

**SIGNATURES.** The Grantor signs this Deed as of the date at the top of the first page.

*WITNESS:*

_____
Rosemarie Strong

_____
ROSE ANTAR

## ACKNOWLEDGMENT

STATE OF NEW JERSEY )
                     ) ss:
COUNTY OF Monmouth )

    **I CERTIFY** that on Aug 8, 1997, ROSE ANTAR personally came before me and acknowledged under oath, to my satisfaction, that this person (or if more than one, each person):

    (a)    is named in and personally signed this Deed;
    (b)    signed, sealed and delivered this Deed as his or her act and deed; and
    (c)    made this Deed for less than $100.00 as the full and actual consideration paid or to be paid for such transfer of title. (Such consideration is defined in N.J.S.A. 46:15-5.)

_____
(Print name and title below signature)

ROSEMARIE STRONG
Notary Public of New Jersey
Commission Expires November 8, 2000

084560-0276

NC1646 - Affidavit of Consideration
RTF-1 (Rev. 1/1/95)
1/96

**STATE OF NEW JERSEY**
**AFFIDAVIT OF CONSIDERATION OR EXEMPTION**
(c. 49, P.L. 1968)
or
**PARTIAL EXEMPTION**
(c. 176, P.L. 1975)

ALL-STATE Legal
A Division of ALL-STATE® International, Inc.
908-272-0800

To be recorded with Deed pursuant to c. 49, P.L. 1968, as amended by c. 225, P.L. 1985 (N.J.S.A. 46:15-5 et seq.)

**STATE OF NEW JERSEY**
**COUNTY OF** Monmouth

ss.

| FOR RECORDER'S USE ONLY |
| Consideration $ _less than $100.00 E._ |
| Realty Transfer _Exemption_ |
| Date _8-11-97_ By _SH_ |

* Use symbol "C" to indicate that fee is exclusively for county use.

**(1) PARTY OR LEGAL REPRESENTATIVE**  (See Instructions #3, 4 and 5 on reverse side.)

Deponent, ROSE ANTAR
(Name)
, being duly sworn according to law upon his/her oath

deposes and says that he/she is the Grantor
(State whether Grantor, Grantee, Legal Representative, Corporate Officer, Officer of This Co., Lending Institution, etc.)
in a deed dated 8-8-97

transferring real property identified as Block No. 4003  Lot No. 7

located at 2155 Route 22 West, Union, Union County
(Street Address, Municipality, County)
and annexed hereto.

**(2) CONSIDERATION**  (See Instruction #6.)

Deponent states that, with respect to deed hereto annexed, the actual amount of money and the monetary value of any other thing of value constituting the entire compensation paid or to be paid for the transfer of title to the lands, tenements or other realty, including the remaining amount of any prior mortgage to which the transfer is subject or which is to be assumed and agreed to be paid by the grantee and any other lien or encumbrance thereon not paid, satisfied or removed in connection with the transfer of title is $ _less than $100_

**(3) FULL EXEMPTION FROM FEE**  Deponent claims that this deed transaction is fully exempt from the Realty Transfer Fee imposed by c.49, P.L. 1968, for the following reason(s): Explain in detail. (See Instruction #7.) Mere reference to exemption symbol is not sufficient.

**Consideration is less than $100**

**(4) PARTIAL EXEMPTION FROM FEE**

NOTE: All boxes below apply to grantor(s) only. ALL BOXES IN APPROPRIATE CATEGORY MUST BE CHECKED. Failure to do so will void claim for partial exemption. (See Instructions #8 and #9.)

Deponent claims that this deed transaction is exempt from the increased portion of the Realty Transfer Fee imposed by c. 176, P.L. 1975 for the following reason(s):

A) **SENIOR CITIZEN**  (See Instruction #8.)
☐ Grantor(s) 62 yrs. of age or over. *
☐ One or two-family residential premises.
☐ Owned and occupied by grantor(s) at time of sale.
☐ No joint owners other than spouse or other qualified exempt owners.

B) **BLIND**  (See Instruction #8.)
☐ Grantor(s) legally blind. *
☐ One or two-family residential premises.
☐ Owned and occupied by grantor(s) at time of Sale.
☐ No joint owners other than spouse or other qualified exempt owners.

**DISABLED**  (See Instruction #8.)
☐ Grantor(s) permanently and totally disabled. *
☐ One or two-family residential premises.
☐ Receiving disability payments.
☐ Owned and occupied by grantor(s) at time of sale.
☐ Not gainfully employed.
No joint owners other than spouse or other qualified exempt owners.

* IN THE CASE OF HUSBAND AND WIFE, ONLY ONE GRANTOR NEED QUALIFY.

C) **LOW AND MODERATE INCOME HOUSING**  (See Instruction #8.)
☐ Affordable According to HUD Standards.
☐ Meets Income Requirements of Region.
☐ Reserved for Occupancy.
☐ Subject to Resale Controls.

D) **NEW CONSTRUCTION**  (See Instruction #9.)
☐ Entirely new improvement.
☐ Not previously used for any purpose.
☐ Not previously occupied.

Deponent makes this Affidavit to induce the County Clerk or Register of Deeds to record the deed and accept the fee submitted herewith in accordance with the provisions of c. 49, P.L. 1968.

Subscribed and sworn to before me this ___ day of August, 1997

_[signature]_
Notary Public of State of New Jersey
Commission Expires November 9, 2001

Rose Antar
Name of Deponent (sign above line)
Rose Antar
717 Ocean Avenue, Unit 710
Long Branch, NJ 07740
Address of Deponent

Rose Antar
Name of Grantor (type above line)
Rose Antar
717 Ocean Avenue, Unit 710
Long Branch, NJ 07740
Address of Grantor at Time of Sale

FOR OFFICIAL USE ONLY This space for use of County Clerk or Register of Deeds.
Instrument Number _____ County Union
Deed Number _____ Book _____ Page _____
Deed Dated 8-8-97  Date Recorded 8-11-97

IMPORTANT - BEFORE COMPLETING THIS AFFIDAVIT, PLEASE READ THE INSTRUCTIONS ON THE REVERSE SIDE HEREOF.
This format is prescribed by the Director, Division of Taxation in the Department of the Treasury, as required by law, and may not be altered without the approval of the Director.
ORIGINAL - To be retained by County.
DUPLICATE - To be forwarded by County to Division of Taxation on partial exemption from fee (N.J.A.C. 18:16 - 8.12)
TRIPLICATE - Is your file copy.

084560-0277

ORIGINAL AND COPY MUST BE SUBMITTED WITH DEED TO COUNTY RECORDING OFFICER

OFF. 17687 PG 1675

Ravin, Sarasohn, Cook, Baumgarten
Fisch & Rosen, P.C.
103 Eisenhower Parkway
Roseland, NJ 07068

Parcel ID Number: 30-2202-015-0950/2880
Grantee #1 TIN: 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
Grantee #2 TIN:

97R279999 1997 JUN 23 16:27

# *Warranty Deed*

DOCSTPDEE     0.60 SURTX     0.00
HARVEY RUVIN,  CLERK DADE COUNTY, FL

*This Indenture,*  Made this  15th  day of  May, 1997 A.D.,                    *Between*

### SAM ANTAR and ROSE ANTAR, his wife,

whose address is 717 Ocean Avenue, Apartment 710, Long Branch, New Jersey 07740
of the County of     Monmouth          , State of      New Jersey          , grantors, and

### ROSE ANTAR, married,

whose post office address is 717 Ocean Avenue, Apartment 710, Long Branch, New Jersey 07740
of the County of     Monmouth          , State of      New Jersey          , grantee.

*Witnesseth,* That said GRANTOR, for and in consideration of the sum of——————————————————
——————————TEN  AND  NO/100  ($10.00)——————————————  DOLLARS,
and other good and valuable consideration to GRANTORS in hand paid by GRANTEE, the receipt whereof is hereby
acknowledged, has granted, bargained and sold to the said GRANTEE, and GRANTEE'S heirs and assigns forever, the
following described land, situate, lying and being in the County of Dade, State of Florida, to wit:

Condominium Unit Nos. 18D and CA11 of TURNBURRY ISLE SOUTH, A Condominium, according
to the Declaration of Condominium thereof, as recorded in Official Records Book 10753, at page 81,
of the Public Records of Dade County, Florida; together with an undivided share in the common
elements appurtenant thereto.

Subject to restrictions, reservations and easements of record, if any, and taxes subsequent to 1996.

Being the same premises conveyed to the Grantors herein under Warranty Deed for Unit No. 18D
dated August 13, 1990 from Stanley Elias and Esther Elias, his wife, and recorded in the Official
Records Book 14706, Page 265 of the Public Records of Dade County, Florida and under Warranty
Deed for Unit CA11 dated August 8, 1990, from JAPS ASSOCIATES, a New York General
Partnership, and recorded in the Official Records Book 14706, Page 274 of the Public Records of
Dade County, Florida.

and said grantors do hereby fully warrant the title to said land, and will defend the same against the lawful claims of all
persons whomsoever.

*In Witness Whereof,* the grantors have hereunto set their hands and seals the day and year first above written.

Signed, sealed and delivered in my presence:

_____
Thomas W. Ackermann, Esq.,
Witness as to both

_____ (Seal)
Sam Antar

_____ (Seal)
Rose Antar

RECORDED IN OFFICIAL RECORDS BOOK
OF DADE COUNTY, FLORIDA
RECORD VERIFIED
HARVEY RUVIN
CLERK CIRCUIT COURT

STATE OF NEW JERSEY
COUNTY OF ESSEX

I HEREBY CERTIFY that on this day before me, an officer duly qualified to take acknowledgements, personally appeared
SAM ANTAR and ROSE ANTAR, his wife, to me known to be the persons described in and who executed the
foregoing instrument and they acknowledged before me that they executed the same.

WITNESS my hand and official seal in the County and State last aforesaid this 15th day of May, 1997.

*Patricia Engravalle*

PATRICIA ENGRAVALLE
A Notary Public of New Jersey
My Commission Expires January 4, 2001

F:\WP\DOCS\DOCS\493B\1151100B.1



Grantee #1 TIN: 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
Grantee #2 TIN:

# *Warranty Deed*

DOCSTPDEE -   0.60 SURTX     0.00
HARVEY RUVIN,   CLERK DADE COUNTY, FL

*This Indenture,*   Made this   15th   day of   May, 1997 A.D.,                    *Between*

### ROSE ANTAR, married,

whose address is 717 Ocean Avenue, Apartment 710, Long Branch, New Jersey 07740
of the County of   Monmouth       , State of    New Jersey       , **grantor**, and

### ROSE ANTAR and ELLEN KUSZER, as Co-Trustees of the
### Rose Antar Qualified Personal Residence Trust #2 dated May 15, 1997,

whose post office address is 717 Ocean Avenue, Apartment 710, Long Branch, New Jersey 07740
of the County of   Monmouth       , State of    New Jersey       , **grantee**.

*Witnesseth,* That said GRANTOR, for and in consideration of the sum of ————————
——————————TEN  AND  NO/100  ($10.00)————————————— DOLLARS,
and other good and valuable consideration to GRANTOR in hand paid by GRANTEE, the receipt whereof is hereby
acknowledged, has granted, bargained and sold to the said GRANTEE, and GRANTEE'S heirs and assigns forever, the
following described land, situate, lying and being in the County of Dade, State of Florida, to wit:

Condominium Unit Nos. 18D and CA11 of TURNBURRY ISLE SOUTH, A Condominium, according
to the Declaration of Condominium thereof, as recorded in Official Records Book 10753, at page 81,
of the Public Records of Dade County, Florida; together with an undivided share in the common
elements appurtenant thereto.

Subject to restrictions, reservations and easements of record, if any, and taxes subsequent to 1996.

Being the same premises conveyed to the Grantor herein under Warranty Deed from Sam Antar and
Rose Antar, his wife, of even date and to be recorded simultaneously herewith.

and said grantor does hereby fully warrant the title to said land, and will defend the same against the lawful claims of
all persons whomsoever.

*In Witness Whereof,* the grantor has hereunto set her hand and seal the day and year first above written.

Signed, sealed and delivered in my presence:

_____                         _____ (Seal)
Thomas W. Ackermann, Esq.,                        Rose Antar
Witness

STATE OF NEW JERSEY
COUNTY OF ESSEX

RECORDED IN OFFICIAL RECORDS BOOK
OF DADE COUNTY, FL
RECORD VERIFIED
HARVEY RUVIN
CLERK CIRCUIT COURT

I HEREBY CERTIFY that on this day before me, an officer duly qualified to take acknowledgements, personally appeared
ROSE ANTAR, to me known to be the person described in and who executed the foregoing instrument and she
acknowledged before me that she executed the same.

WITNESS my hand and official seal in the County and State last aforesaid this 15th day of May, 1997

_____

**PATRICIA ENGRAVALLE**
A Notary Public of New Jersey
My Commission Expires January 4, 2001

F:\WPDOCS\DOCS\4938\1511021 1

**Oppenheimer & Co., Inc.**
MEMBER NEW YORK STOCK EXCHANGE, INC.





WEST ORANGE N.J. 07740

10-10-91

WILLIAM B. FINNERAN
OPPENHEIMER + Co. INC.
WORLD FINANCIAL CENTER
NEW YORK, NY, 10281

DEAR, MR. FINNERAN

PLEASE TRANSFER ALL HOLDINGS
IN MY ACCOUNT# 033-61-611 TO LOSE
ACCOUNT, TO ROSE ANTAR ACCOUNT #
033-20-380

SINCERLEY

SAM ANTAR

adrian said to wair
for original letter.

PLEASE THANK YOU CORP
1411 BROADWAY • SUITE 1000
NEW YORK • NEW YORK 10018
TEL. 212-302-0020
FAX 212-302-0381

faxed to adrian Br
10/11/91

# SLB STATEMENT FICHE
## FOR INTERNAL USE ONLY

FOR INTERNAL USE ONLY

CFI          00000169D   0000495D        SC# 00000191# 0001

** AD5**

**PREFERRED CLIENT STATEMENT**

**FEBRUARY 25 — MARCH 31, 1991**

#8  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

PAGE 1 OF 9

**YOUR FINANCIAL CONSULTANT**

**ACCOUNT NUMBER 119-05338-14   030**

LEE, ROSEN
SHEARON LEHMAN BROTHERS
375 NEW YORK AVENUE
HUNTINGTON, N.Y.
11743
516-385-2800

**PREFERRED CLIENT SERVICE CENTER: 1-800-222-4454**

| EARNINGS SUMMARY | MTD COMM: $ 1,132.50 | YTD COMM: $ 2,822.05 |
|---|---|---|

**ANNAR**
**ROSEN**
**XXX**
OCEAN AVENUE
END NJ 07740-4978

| ACCOUNT VALUE | | |
|---|---|---|
| STOCK INVESTMENTS/INSURANCE | | |
| DIRECT ACCOUNT BALANCE | | |
| DURING THIS PERIOD | | |
| T VALUE THIS PERIOD* | | $ 8,586.00 |
| T VALUE LAST PERIOD* | | $ 422.50 |
| | $ 467,866.57 | $ 8,969.30 |

(SEE PORTFOLIO DETAILS)

*DOES NOT INCLUDE UNPRICED SECURITIES

| EARNINGS SUMMARY | | THIS PERIOD | THIS YEAR |
|---|---|---|---|
| DIVIDENDS | | $ 1,955.00 | $ 3,761.50 |
| TOTAL | | $ 1,955.00 | $ 3,761.50 |

| ADDITIONAL SUMMARY INFORMATION | | | | |
|---|---|---|---|---|
| | | THIS YEAR | | THIS YEAR |
| | | TAXABLE | NON-TAXABLE | |
| | | $ 0.00 | $ 0.00 | |
| OTHER INCOME | THIS PERIOD $ 0.00 | | | THIS YEAR $ 1,132.50 |

U CAN BORROW AGAINST THE VALUE OF YOUR PORTFOLIO TO BUY ADDITIONAL CURITIES OR FOR OTHER PURPOSES. FOR MORE INFORMATION, PLEASE CALL UR FINANCIAL CONSULTANT.

BORROWING POTENTIAL.

5

# SLB STATEMENT FICHE

**FOR INTERNAL USE ONLY**

CFI 00001690    00004951

** BOS**

PREFERRED CLIENT STATEMENT

FEBRUARY 25 - MARCH 31, 1991

SAM ANTAR

PAGE 2 OF 8

ACCOUNT NUMBER 119-05338-14  030

**CASH BALANCE**

**OPENING CASH BALANCE**

|  | AMOUNTS ADDED | AMOUNTS SUBTRACTED |  |
|---|---|---|---|
| SECURITIES BOUGHT AND OTHER SUBTRACTIONS | | 0.00 | |
| SECURITIES SOLD AND OTHER ADDITIONS | 109,611.15 | | |
| CREDITS | 256,376.63 | | |
| WITHDRAWALS | | -109,611.15 | |
| INTEREST CHARGED ON LOANS | | -1,641.99 | |
| DIVIDENDS/DIVIDENDS CREDITED | | | |
| PAYMENTS | 1,955.00 | | |
| CLOSING CASH BALANCE | $ 367,942.78 | $ -111,253.14 | $ -256,867.14 |

**CURRENT ACCOUNT BALANCE**    422.50

$ 422.50

**PORTFOLIO DETAILS**

THIS SECTION SHOWS THE HOLDINGS IN YOUR ACCOUNT. IT REFLECTS VALUES AS OF THE CLOSE OF BUSINESS ON 03/29/91.

**COMMON STOCKS**

| DESCRIPTION | EXCHANGE | NO. OF SHARES | PRICE | YIELD (ANNUALIZED) | ANTICIPATED INCOME (ANNUALIZED) | MARKET VALUE | COMMENT |
|---|---|---|---|---|---|---|---|
| AZUR EDDIE INC | OTC | 256,680 | $.01 | | $ 0.00 | $ 2,566.80 | IN SAFEKEEPING: 256,680 SYMBOL: CRZYQ |
| **TOTAL VALUE OF STOCKS** | | | | | $ 0.00 | $ 2,566.80 | |

**DIRECT INVESTMENTS/INSURANCE**

WE PROVIDE THE FOLLOWING INFORMATION ABOUT DIRECT INVESTMENTS/INSURANCE
AS A PART OF YOUR FINANCIAL RECORD KEEPING. IT REFLECTS PURCHASES THROUGHOUT THE LIFE OF THE DIRECT
MADE THROUGH SHEARSON LEHMAN BROTHERS OR INFORMATION SUPPLIED TO US. SUBSEQUENT
TRANSACTIONS, IF ANY, ARE NOT REFLECTED UNLESS DONE THROUGH

SHEARSON LEHMAN BROTHERS. WE WILL CONTINUE TO SHOW EACH INVESTMENT
THROUGHOUT THE LIFE OF THE DIRECT INVESTMENT/INSURANCE UNLESS YOU
REQUEST OTHERWISE. FACE AMOUNTS DO NOT NECESSARILY REFLECT CURRENT
MARKET VALUE.

| DESCRIPTION | FACE AMOUNT | COMMENT |
|---|---|---|
| EVERGREEN PARTNERS IV LP | $ 5,000.00 | PURCHASE DATE 08/17/88 |
| **TOTAL DIRECT INVESTMENT/INSURANCE** | $ 5,000.00 | |

6

Case 2:93-cv-03988-SRC-MAS   Document 285   Filed 10/15/09   Page 72 of 114 PageID: 1610

**SLB STATEMENT FICHE**
**FOR INTERNAL USE ONLY**

00001690  00004952

PREFERRED CLIENT STATEMENT
FEBRUARY 25 – MARCH 31, 1991

•• 005••   SAM ANTAR

ACCOUNT NUMBER 119-05332-14 030

PAGE 3 OF 8

**INVESTMENT ACTIVITY**

**TRANSACTION DETAILS**

| DATE | ACTIVITY | DESCRIPTION | | QUANTITY | PRICE | AMOUNT |
|---|---|---|---|---|---|---|
| | SOLD | CALL AMD APR AMGEN INC EXP 04/20/1991 CUSTOMER AMGEN INC EXP 04/20/1991 CALL AMD APR AMGEN INC EXP 04/20/1991 CUSTOMER | 75.00  AMEX | -10 | $ 27.875 | $ 27,500.00 |

OTHER SECURITIES BOUGHT AND OTHER SUBTRACTIONS
OTHER SECURITIES SOLD AND OTHER ADDITIONS

27.625

$ 27,500.00

---

**SLB STATEMENT FICHE**
**FOR INTERNAL USE ONLY**

00001690  00004953

PREFERRED CLIENT STATEMENT
FEBRUARY 25 – MARCH 31, 1991

•• 005••   SAM ANTAR

PAGE 4 OF 8

"PREORDERS GOOD UNTIL CANCELLED" ORDERS YOU REQUESTED THAT WERE NOT EXECUTED BY THE STATEMENT DATE. PLEASE REVIEW THESE FOR ACCURACY, AND OTHER CONTACT YOUR FINANCIAL CONSULTANT IF YOU WISH TO CHANGE THEM.

| ACTIVITY/DATE | DESCRIPTION | | NO. OF SHARES | ORDER PRICE | CURRENT PRICE | SPECIAL INSTRUCTIONS |
|---|---|---|---|---|---|---|
| AUTOMATIC DATA PROCESSING INC. | NYSE | | 2,000 | $ 18.00 | $ 64.375 | DO NOT REDUCE |
| BECTON DICKINSON & CO | NYSE | | 1,000 | 49.50 | 78.25 | LIMIT |
| ••• ELAN CORP PLC-ADR | AMEX | | 5,000 | 7.00 | 35.125 | LIMIT |
| HALLIBURTON CO | NYSE | | 2,000 | 27.00 | 46.25 | DO NOT REDUCE |
| STANHOME INC VTG | NYSE | | 1,000 | 23.00 | 43.75 | DO NOT REDUCE |
| UPJOHN CO | NYSE | | 2,000 | 28.00 | 48.00 | LIMIT |

$ 0.00
$ 109,611.15

**ACTIVITY JOURNAL**

| DESCRIPTION | QUANTITY |
|---|---|
| CRAZY EDDIE INC FROM 119-05332-01 TO 119-24415-01 | -5,000 |
| LVI GROUP INC FROM 119-05332-01 TO 119-24415-01 | -50,000 |

PREFERRED CLIENT STATEMENT
FEBRUARY 25 – MARCH 31, 1991

••• 005••   SAM ANTAR

PAGE 4 OF 8

7

# SLB STATEMENT FICHE
## FOR INTERNAL USE ONLY

** DOS**

PREFERRED CLIENT STATEMENT

FEBRUARY 25 - MARCH 31, 1991

SAM ANTAR

PAGE 4 OF 8

ACCOUNT NUMBER 119-05332-14   030

00001890   00004953

### SECURITY ACTIVITY - CONTINUED

| ACTIVITY | DESCRIPTION | QUANTITY |
|---|---|---|
| JOURNAL | STANDARD LOGIC INC<br>FROM 119-05332-01<br>TO 119-34415-01 | -4,000 |
| JOURNAL | ALLERGAN INC<br>FROM 119-05332-02 | -2,000 |
| JOURNAL | AMERICAN EXPRESS CO<br>FROM 119-05332-02<br>TO 119-34415-02 | -4,800 |
| JOURNAL | ANETEK INC<br>FROM 119-05332-02<br>TO 119-34415-02 | -2,000 |
| JOURNAL | ANCHOR SVGS BK FSB NORTHPORT<br>N.Y.<br>FROM 119-05332-02<br>TO 119-34415-01 | -4,000 |
| JOURNAL | ATLANTIS GROUP INC CL A<br>FROM 119-05332-02<br>TO 119-34415-01 | -282 |
| JOURNAL | AUDIO VIDEO AFFILIATES INC<br>FROM 119-05332-02<br>TO 119-34415-02 | -75 |
| JOURNAL | BEST BUY INC<br>FROM 119-05332-02<br>TO 119-34415-02 | -150 |
| JOURNAL | BLACKDECKER CORPORATION<br>FORMERLY BLACKDECKER MFG CO<br>FROM 119-05332-02<br>TO 119-34415-02 | -8,000 |
| JOURNAL | BOISE CASCADE CORP<br>FROM 119-05332-02<br>TO 119-34415-02 | -1,000 |
| JOURNAL | SYTEX CORP<br>FROM 119-05332-02<br>TO 119-34415-02 | -8,000 |
| JOURNAL | CAREERCOM CORP<br>FROM 119-05332-02<br>TO 119-34415-01 | -5,000 |

Case 2:93-cv-03988-SRC-MAS   Document 215   Filed 10/15/99   Page 74 of 114 PageID: 1612

** EDS**

PREFERRED CLIENT STATEMENT

FEBRUARY 25 — MARCH 31, 1991

SAM ANTAR

PAGE 5 OF 8

ACCOUNT NUMBER 119-05338-14  030

00001690 . 00004954

SECURITY ACTIVITY - CONTINUED

| DESCRIPTION | QUANTITY |
|---|---|
| JOURNAL | CRAZY EDDIE INC | -70,000 |
| | FROM 119-34415-01 | |
| | TO 119-05338-02 | |
| JOURNAL | DIGITAL EQUIPMENT CORP | -500 |
| | FROM 119-05338-02 | |
| | TO 119-34415-02 | |
| JOURNAL | FIRST WORLD CHEESE INC | -2,000 |
| | FROM 119-05338-02 | |
| JOURNAL | GENCORP INC | -2,000 |
| | FROM 119-34415-02 | |
| | TO 119-05338-02 | |
| JOURNAL | GENERAL DEVELOPMENT CORP-NEW | -4,000 |
| | FROM 119-05338-02 | |
| | TO 119-34415-01 | |
| JOURNAL | GENRAD INC | -5,000 |
| | FROM 119-34415-01 | |
| | TO 119-05338-02 | |
| JOURNAL | GROSSMAN'S INC | -2,000 |
| | FROM 119-05338-02 | |
| | TO 119-34415-02 | |
| JOURNAL | HABERSHAM ENERGY CO | -3. |
| | FROM 119-34415-01 | |
| | TO 119-05338-02 | |
| JOURNAL | HIGHLAND SUPERSTORES INC | -50 |
| | FROM 119-05338-02 | |
| | TO 119-34415-02 | |
| JOURNAL | KAMAN CORP. CLASS A | -2,000 |
| | FROM 119-05338-02 | |
| | TO 119-34415-02 | |
| JOURNAL | KERR MCGEE CORP | -2,000 |
| | FROM 119-05338-02 | |
| | TO 119-34415-02 | |
| JOURNAL | LVI GROUP INC-THE | -5,000 |
| | FROM 119-34415-02 | |
| | TO 119-05338-02 | |
| JOURNAL | LUBRIZIN'S INC | #50 |
| | FROM 119-05338-02 | |
| | TO 119-34415-02 | |

SLB STATEMENT FICHE
FOR INTERNAL USE ONLY

FI0000016SD  00004955

SLB STATEMENT FICHE
FOR INTERNAL USE ONLY

** FDS**

PREFERRED CLIENT STATEMENT

FEBRUARY 25 - MARCH 31, 1991

SAM ANTAR

PAGE 6 OF 8

ACCOUNT NUMBER 119-D533E-14 D3D

SECURITY ACTIVITY - CONTINUED

| | DESCRIPTION | QUANTITY |
|---|---|---|
| JOURNAL | MFB MULTIMARKET INCOME TRUST TBI FROM 119-D533E-02 TO 119-34415-02 | -1,000 |
| JOURNAL | UTR MARCO SPORTS INC NEW PUR 1/30/91 ON PR 80.01 EXP 2/25/1990 | -828 |
| JOURNAL | MARCO SPORTS INC NEW FROM 119-34415-02 TO 119-D533E-02 | -276 |
| JOURNAL | MICROCOM INC FROM 119-D533E-02 TO 119-34415-02 | -2,000 |
| JOURNAL | NEWPARK & LEVIS INC FROM 119-D533E-02 TO 119-34415-02 | -100 |
| JOURNAL | NORD RESOURCES CORP FROM 119-D533E-02 TO 119-34415-02 | -1,000 |
| JOURNAL | STEREO VILLAGE INC FROM 119-34415-02 TO 119-D533E-02 | -50 |
| JOURNAL | STONE CONTAINER CORP FROM 119-D533E-02 TO 119-34415-02 | -4,000 |
| JOURNAL | 3 COM CORP FROM 119-34415-02 TO 119-D533E-02 | -4,000 |
| JOURNAL | UNION CARBIDE CORP FROM 119-34415-02 TO 119-D533E-02 | -1,000 |
| JOURNAL | WALL TO WALL SOUND & VIDEO INC FROM 119-D533E-02 TO 119-34415-D1 | -50 |

Case 2:93-cv-03988-SRC-MAS   Document 15   Filed 11/15/99   Page 76 of 114 PageID: 1614

# SLB STATEMENT FICHE
## FOR INTERNAL USE ONLY

** 6059 **

PREFERRED CLIENT STATEMENT

FEBRUARY 23 - MARCH 31, 1991

PAGE 7 OF 8

SAM ANTAR

ACCOUNT NUMBER 119-05332-14   030

REC   0000169D   0000495B

| DEPOSITS | | | | |
|---|---|---|---|---|
| DATE | DESCRIPTION | | | AMOUNT |
| 03/20/91 | | | | $ 256,180.28 |
| 03/26/91 | FROM 119-24415-02 | | | 196.35 |
| | TO 119-24415-02 | | | |
| | FROM 119-24415-02 | | | |
| | TO 119-05332-02 | | | |
| TOTAL DEPOSITS | | | | $ 256,376.63 |

| WITHDRAWALS | | | | |
|---|---|---|---|---|
| DATE | DESCRIPTION | | | AMOUNT |
| 02/25/91 | CHECK PAID BY HUNTINGTON, NY | | | $ 109,611.15 |

REFERENCE NO.
11926017

| INTEREST CHARGED ON LOANS | | | | |
|---|---|---|---|---|
| DATE | DESCRIPTION | | | AMOUNT |
| 02/21/91 | INTEREST CHARGED FOR 25 DAY(S) | | | $ 1,641.99 |
| | FROM 2/21 THRU 3/20 @ 9 1/4% | | | |
| | CLOSING BALANCE 1,445- | | | |
| | AVERAGE BALANCE 255,619 | | | |

EARNINGS DETAILS

THE TAX STATUS OF EARNINGS IS RELIABLE TO THE BEST OF OUR KNOWLEDGE. TAXABLE AND NON-TAXABLE DESIGNATIONS REFER TO THE FEDERAL INCOME TAX STATUS OF YOUR SECURITIES, NOT OF YOUR ACCOUNT.

| DIVIDENDS | | | | |
|---|---|---|---|---|
| DATE | DESCRIPTION | TAXABLE | NON-TAXABLE | COMMENT |
| 02/28/91 | GENCORP INC | $ 300.00 | | |
| | CASH DIV ON | | | |
| | RECORD 02/11/91 PAY 02/28/91 | | | |
| 02/28/91 | MFS MULTIMARKET INCOME | 102.50 | | |
| | TRUST SH | | | |
| | CASH DIV | | | |
| | RECORD 02/15/91 PAY 02/28/91 | | | |
| 03/01/91 | UNION CARBIDE CORP | 250.00 | | |
| | CASH DIV ON | | | |
| | RECORD 02/11/91 PAY 03/01/91 | | | |
| 03/11/91 | ALLERGAN INC | 160.00 | | |
| | CASH DIV ON | | | |
| | RECORD 02/10/91 PAY 03/11/91 | | | |
| 03/13/91 | STONE CONTAINER COR | 720.00 | | |
| | CASH DIV ON | | | |
| | RECORD 02/22/91 PAY 03/13/91 | | | |

| | AMOUNT |
|---|---|
| | $ 300.00 |
| | 102.50 |
| | 250.00 |
| | 160.00 |
| | 720.00 |

** H059 **

11

# SLB STATEMENT FICHE
## FOR INTERNAL USE ON./

**PREFERRED CLIENT STATEMENT**

FEBRUARY 23 - MARCH 31, 1991

** HDS**

SAM ANTAR

**PAGE 8 OF 8**

ACCOUNT NUMBER 119-D5332-14  03D

| DESCRIPTION | TAXABLE | NON-TAXABLE | COMMENT | AMOUNT |
|---|---|---|---|---|
| DIVENDS - CONTINUED | | | | |
| ANETEK INC | | | | |
| CASH DIV ON | 200D SHS | | | |
| RECORD 03/15/91 PAY 03/28/91 | | | | |
| MFS MULTIMARKET INCOME | | | | |
| TRUST SBI | | | | |
| CASH DIV | | | | |
| RECORD 03/14/91 PAY 03/28/91 | | | | |

| DESCRIPTION | TAXABLE | NON-TAXABLE | COMMENT | AMOUNT |
|---|---|---|---|---|
| | $ 320.00 | | | $ 320.00 |
| | 102.50 | | | 102.50 |

DIVIDENDS EARNED

| | $ 1,955.00 | $ 0.00 | | $ 1,955.00 |

**CREDIT RESOURCES**

PLEASE RETAIN THIS INFORMATION FOR YOUR RECORDS.

| | AMOUNT OWED | INTEREST CHARGED THIS PERIOD | INTEREST CHARGED THIS YEAR |
|---|---|---|---|
| EXISTING LOANS | | $ 1,641.99 | $ 4,077.66 |
| MARGIN LOAN | | $ 1,641.99 | $ 4,077.66 |
| OTHER | | | |

BORROWING POTENTIAL
YOU MAY BORROW ON MARGIN AGAINST THE VALUE OF YOUR PORTFOLIO TO BUY STOCKS, BONDS, SECURITIES OR FOR ANY PURPOSE. WITH EXPRESS CREDIT YOU MAY CREATE A GREATER AMOUNT FOR ANY PERSONAL OR BUSINESS USE. XPRESS CREDIT MAY NOT BE USED TO PURCHASE, CARRY OR TRADE IN SECURITIES.

THE INTEREST RATE WE CHARGE ON THE BORROWED MONEY DEPENDS ON SEVERAL FACTORS, INCLUDING HOW MUCH IS BORROWED. LAST PERIOD'S AVERAGE BORROWING RATE WAS FROM 9.25 % TO 10.75 %. AMOUNTS BORROWED ON MARGIN DECREASE THE AMOUNT YOU CAN BORROW FOR OTHER PURPOSES.

D00D1690  D00D4957

**12**

SLB STATEMENT FICHE
FOR INTERNAL USE ONLY

**PREFERRED CLIENT STATEMENT**
OCTOBER 1 - OCTOBER 31, 1991

** X1*00
PAGE 1 OF 0

RECID 00001104 00004459
SC# 000001918 0001

$$ # 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
ACCOUNT NUMBER 119-08142-18 030

YOUR FINANCIAL CONSULTANT

...NTAR
...ACCOUNT NO. 2
...OCEAN AVENUE
... END NJ 07740-4978

LEE ROSEN
SHEARSON LEHMAN BROTHERS
379 NEW YORK AVENUE
HUNTINGTON, NY 11743
516-385-2200

PREFERRED CLIENT SERVICE CENTER: 1-800-232-4454

## ACCOUNT VALUE

| | |
|---|---|
| CASH BALANCE | $ -2,447.72 |
| MONEY FUNDS | $ 0.00 |
| NET VALUE THIS PERIOD | $ -2,447.72 |
| NET VALUE LAST PERIOD | $ 386,361.64 |

## EARNINGS SUMMARY

| | THIS PERIOD | THIS YEAR TAXABLE | NON-TAXABLE |
|---|---|---|---|
| DIVIDENDS | $ 634.20 | $ 9,241.63 | $ 0.00 |
| MONEY FUNDS EARNINGS | 50.51 | 437.03 | 0.00 |
| TOTAL | $ 684.71 | $ 9,678.66 | $ 0.00 |

## ADDITIONAL SUMMARY INFORMATION

| | THIS PERIOD | THIS YEAR |
|---|---|---|
| FROM TAX WITHHELD | $ 24.44 | $ 278.10 |

## BULLETIN BOARD

* IN RESEARCH POLL--AGAIN, IN OCTOBER, INSTITUTIONAL INVESTOR MAGAZINE
ANNOUNCED THAT FOR THE SECOND CONSECUTIVE YEAR, SHEARSON LEHMAN
BROTHERS HAS MORE ALL-STAR ANALYSTS THAN ANY OTHER FIRM. YOU HAVE
ACCESS TO WHAT MAY BE THE BEST STOCK RESEARCH ON WALL STREET. YOU
CAN SEE WHY WE BELIEVE YOU CAN GET THERE FROM HERE.

SLB STATEMENT FICHE
FOR INTERNAL USE ONLY

** X1*00

PREFERRED CLIENT STATEMENT

PAGE 2 OF 0

13

# SLB STATEMENT FICHE
## FOR INTERNAL USE ONLY

**\*\*.L1\*\*\***

PREFERRED CLIENT STATEMENT

OCTOBER 1 - OCTOBER 31, 1991

SAM ANTAR

ACCOUNT NUMBER 119-08142-18   030

PAGE 2 OF 8

REF:  00001104  0000459

---

**COMBINED CASH AND MONEY FUNDS BALANCE**

|  | AMOUNTS ADDED |
|---|---|
| COMBINED OPENING CASH AND MONEY FUNDS BALANCE | |
| SECURITIES BOUGHT AND OTHER SUBTRACTIONS | 3,100.64 |
| SECURITIES SOLD AND OTHER ADDITIONS | 2,395.42 |
| WITHDRAWALS | |
| DEPOSITS | 609.76 |
| DIVIDENDS CREDITED | 50.51 |
| MONEY FUNDS EARNINGS CREDITED | $ 6,150.33 |
| TOTAL | |

| | AMOUNTS SUBTRACTED |
|---|---|
| | -4,120.56 |
| | |
| | -9,302.88 |
| | |
| | $ -13,423.44 |

COMBINED CLOSING CASH AND MONEY FUNDS BALANCE

$ 4,825.39

CASH          -2,447.72
MONEY FUNDS         0.00

COMBINED CLOSING CASH AND MONEY FUNDS BALANCE          $ -2,447.72

---

**TRANSACTION DETAILS**

**INVESTMENT ACTIVITY**

| DATE | ACTIVITY BOUGHT | DESCRIPTION | QUANTITY 11D | PRICE | AMOUNT |
|---|---|---|---|---|---|
| 10/02/91 | | AMMANSON /H F/S CO NEU | | $ 17.728 | $ -1,950.08 |
| | | AVG PRICE SHOWN-DETAILS ON REG | | | |
| | | RATES TRADE 902 | | | |
| 10/02/91 | GOLD | MCDONALDS CORP | -40 | 33.925 | 1,356.95 |
| | | AVG PRICE SHOWN-DETAILS ON REG | | | |
| | | RATES TRADE 902 | | | |
| 10/16/91 | BOUGHT | AMMANSON /H F/S CO NEU | 130 | 16.696 | -2,170.48 |
| | | AVG PRICE SHOWN-DETAILS ON REG | | | |
| | | RATES TRADE 902 | | | |
| 10/16/91 | SOLD | MCDONALDS CORP | -50 | 34.875 | 1,743.69 |
| | | RATES TRADE 902 | | | |

TOTAL SECURITIES BOUGHT AND OTHER SUBTRACTIONS          $ -4,120.56
TOTAL SECURITIES SOLD AND OTHER ADDITIONS          $ 3,100.64

---

14

SLB STATEMENT FICHE

# SLB STATEMENT FICHE
## FOR INTERNAL USE ONLY

| | | | ** M11 ** | |
|---|---|---|---|---|
| | | PREFERRED CLIENT STATEMENT | | PAGE 3 OF 9 |
| | | OCTOBER 1 - OCTOBER 31, 1991 | SAM ANTAR | |
| | | | ACCOUNT NUMBER 119-08142-18   030 | |

OTHER SECURITY ACTIVITY

REF: 00001104   00004460

| DATE | ACTIVITY | DESCRIPTION | QUANTITY |
|---|---|---|---|
| 10/17/91 | JOURNAL | ANR CORP / FROM 119-08142-01 | -80 |
| 10/17/91 | JOURNAL | TO 119-38142-01 / AHMANSON /H F/& CO   NEW / FROM 119-08142-01 | -240 |
| 10/17/91 | JOURNAL | TO 119-38142-01 / AMERICAN EXPRESS CO / FROM 119-08142-01 | -400 |
| 10/17/91 | JOURNAL | TO 119-38142-01 / AMERICAN GENERAL CORP / FROM 119-08142-01 | -170 |
| 10/17/91 | JOURNAL | TO 119-38142-01 / AMERICAN HOME PRODUCTS CORP / FROM 119-08142-01 | -270 |
| 10/17/91 | JOURNAL | TO 119-38142-01 / AMICO CORP / FROM 119-08142-01 | -150 |
| 10/17/91 | JOURNAL | TO 119-38142-01 / APPLE COMPUTER INC / FROM 119-08142-01 | -180 |
| 10/17/91 | JOURNAL | TO 119-38142-01 / ATLANTIC RICHFIELD CO / FROM 119-08142-01 | -30 |
| 10/17/91 | JOURNAL | TO 119-38142-01 / AVERY DENNISON CORP / FROM 119-08142-01 | -280 |
| 10/17/91 | JOURNAL | TO 119-38142-01 / BANKAMERICA CORP / FROM 119-08142-01 | -100 |
| 10/17/91 | JOURNAL | TO 119-38142-01 / BANKERS TRUST NEW YORK CORP / FROM 119-38142-01 | -120 |
| 10/17/91 | JOURNAL | TO 119-08142-01 / BARNETT BANKS INC / FORMERLY BARNETT / FROM 119-38142-01 / TO 119-08142-01 / BANKS OF FLA | -200 |
| 10/17/91 | JOURNAL | C & S SOVRAN CORP / FROM 119-38142-01 / TO 119-08142-01 | -110 |

15

# SLB STATEMENT FICHE
## FOR INTERNAL USE ONLY

PREFERRED CLIENT STATEMENT
OCTOBER 1 - OCTOBER 31, 1991

** N1100

SAM ANTAR

PAGE 4 OF 8

ACCOUNT NUMBER 119-08142-18  030

OTHER SECURITY ACTIVITY - CONTINUED

REF: 00001104  00004461

| DATE | ACTIVITY | DESCRIPTION | QUANTITY |
|---|---|---|---|
| 10/17/91 | JOURNAL | COMPAQ COMPUTER CORP / FROM 119-08142-01 / TO 119-36142-01 | -330 |
| 10/17/91 | JOURNAL | DELTA AIR LINES INC / FROM 119-08142-01 / TO 119-36142-01 | -70 |
| 10/17/91 | JOURNAL | FEDERAL HOME MORTGAGE CORP / FROM 119-08142-01 / TO 119-36142-01 | -130 |
| 10/17/91 | JOURNAL | FEDERAL NATIONAL MORTGAGE ASSN / FROM 119-08142-01 / TO 119-36142-01 | -250 |
| 10/17/91 | JOURNAL | FIRST CHICAGO CORP / FROM 119-08142-01 / TO 119-36142-01 | -180 |
| 10/17/91 | JOURNAL | FIRST UNION CORP / FROM 119-08142-01 / TO 119-36142-01 | -130 |
| 10/17/91 | JOURNAL | FORD MOTOR CO / FROM 119-08142-01 / TO 119-36142-01 | -350 |
| 10/17/91 | JOURNAL | GENERAL MOTORS CORP / FROM 119-08142-01 / TO 119-36142-01 | -80 |
| 10/17/91 | JOURNAL | GREAT WESTERN FINANCIAL CORP / FROM 119-08142-01 / TO 119-36142-01 | -260 |
| 10/17/91 | JOURNAL | *** HANSON PLC-SPONSORED ADR / FRMLY HANSON TR PLC TO 12/37/87 / FROM 119-08142-01 / TO 119-36142-01 | -880 |
| 10/17/91 | JOURNAL | INTL BUSINESS MACHINES CORP / FROM 119-08142-01 / TO 119-36142-01 | -110 |

SLB STATEMENT FICHE
FOR INTERNAL USE ONLY

** 01100

PREFERRED CLIENT STATEMENT
OCTOBER 1 - OCTOBER 31, 1991

SAM ANTAR

PAGE 5 OF 8

16

**SLB STATEMENT FICHE**
**FOR INTERNAL USE ONLY**

00001104   00004462

PREFERRED CLIENT STATEMENT

OCTOBER 1 - OCTOBER 31, 1991

** 01**

SAM ANTAR

PAGE 5 OF 8

ACCOUNT NUMBER 119-08142-18  03D

OTHER SECURITY ACTIVITY - CONTINUED

| DATE | ACTIVITY | DESCRIPTION | QUANTITY |
|------|----------|-------------|----------|
| | JOURNAL | JAMES RIVER CORP OF VIRGINIA | -180 |
| 10/17/91 | JOURNAL | FROM 119-08142-01 | |
| | | TO 119-36142-01 | |
| 10/17/91 | JOURNAL | K MART CORP | -280 |
| | | FROM 119-08142-01 | |
| | | TO 119-36142-01 | |
| 10/17/91 | JOURNAL | LOEWS CORP | -50 |
| | | FROM 119-08142-01 | |
| | | TO 119-36142-01 | |
| 10/17/91 | JOURNAL | MAY DEPARTMENT STORES CO | -130 |
| | | FROM 119-08142-01 | |
| | | TO 119-36142-01 | |
| 10/17/91 | JOURNAL | NCNB CORP | -50 |
| | | FROM 119-08142-01 | |
| | | TO 119-08142-01 | |
| 10/17/91 | JOURNAL | ** NESTLE S A SPONSORED ADR | -120 |
| | | REF#TG REG SH | |
| | | FROM 119-08142-01 | |
| | | TO 119-36142-01 | |
| 10/17/91 | JOURNAL | HONEST TEA CORP | -110 |
| | | FROM 119-08142-01 | |
| | | TO 119-36142-01 | |
| 10/17/91 | JOURNAL | OHIO CASUALTY CORP | -250 |
| | | FROM 119-08142-01 | |
| | | TO 119-36142-01 | |
| 10/17/91 | JOURNAL | P N C FINANCIAL CORP | -110 |
| | | FROM 119-08142-01 | |
| | | TO 119-36142-01 | |
| 10/17/91 | JOURNAL | J C PENNEY CO INC | -160 |
| | | FROM 119-08142-01 | |
| | | TO 119-36142-01 | |
| 10/17/91 | JOURNAL | PHILIP MORRIS COS INC | -830 |
| | | FROM 119-08142-01 | |
| | | TO 119-36142-01 | |
| 10/17/91 | JOURNAL | ** ROYAL DUTCH PTLM CO | -90 |
| | | N V REGISTRY SH PAR N GLDR.S | |
| | | NEW | |
| | | FROM 119-08142-01 | |
| | | TO 119-36142-01 | |

**SLB STATEMENT FICHE**
**FOR INTERNAL USE ONLY**

PREFERRED CLIENT STATEMENT

OCTOBER 1 - OCTOBER 31, 1991

** P1**

SAM ANTAR

PAGE 6 OF 8

17

REF: 00001104 00004463

SLB STATEMENT FICHE
FOR INTERNAL USE ONLY

SLB STATEMENT FICHE
FOR INTERNAL USE ONLY

PREFERRED CLIENT STATEMENT

OCTOBER 1 - OCTOBER 31, 1991

** P1100

PAGE 6 OF 8

SAM ANTAR

ACCOUNT NUMBER 119-D8142-18  030

OTHER SECURITY ACTIVITY - CONTINUED

| DATE | ACTIVITY | DESCRIPTION | QUANTITY | AMOUNT |
|---|---|---|---|---|
| 10/17/91 | JOURNAL | DESCRIPTION<br>SCOTT PAPER CO<br>FROM 119-D8142-01<br>TO 119-36142-01 | -380 | |
| 10/17/91 | JOURNAL | *** UNILEVER NV NEW YORK SHS<br>FROM 119-D8142-01<br>TO 119-36142-01 | -170 | |
| 10/17/91 | JOURNAL | WESTINGHOUSE ELECTRIC CORP<br>FROM 119-D8142-01<br>TO 119-36142-01 | -330 | |
| 10/17/91 | JOURNAL | WOOLWORTH CORP<br>FROM 119-D8142-01<br>TO 119-36142-01 | -170 | |

| DEPOSITS | | | | AMOUNT |
|---|---|---|---|---|
| DATE | DESCRIPTION | | | |
| 10/25/91 | FROM 119-36142-01<br>TO 119-D8142-01 | | | $ 2,389.42 |

| WITHDRAWALS | | | REFERENCE NO. | AMOUNT |
|---|---|---|---|---|
| DATE | DESCRIPTION | | | |
| 10/17/91 | FROM 119-36142-01<br>TO 119-D8142-01 | | | $ 4,331.24 |
| 10/24/91 | SLMBA FEE 4TH QTR | | | 2,447.72 |
| 10/29/91 | ANTAR, SAM<br>FROM 119-D8142-01<br>TO 119-36142-01 | | | 76.80 |
| 10/30/91 | FROM 119-D8142-01<br>REVERSE JRL A/O 10/25/91 | | | 2,447.72 |
| | | | TOTAL WITHDRAWALS | $ 9,302.88 |

** 01100

PREFERRED CLIENT STATEMENT

OCTOBER 1 - OCTOBER 31, 1991

SAM ANTAR

PAGE 7 OF 8

REF: 00001104 00004464

SLB STATEMENT FICHE
FOR INTERNAL USE ONLY

Case 2:93-cv-03988-SRC-MAS Document 215 Filed 10/15/99 Page 84 of 114 PageID: 1622

SLB STATEMENT FICHE
FOR INTERNAL USE ONLY

** 01 **

PREFERRED CLIENT STATEMENT
OCTOBER 1 - OCTOBER 31, 1991

SAM ANTAR

PAGE 7 OF 8

REF: 00001104 00004464

ACCOUNT NUMBER 119-08142-18 030

EARNINGS DETAILS
THE TAX STATUS OF EARNINGS IS RELIABLE TO THE BEST OF OUR KNOWLEDGE. TAXABLE AND NON-TAXABLE DESIGNATIONS REFER TO THE FEDERAL INCOME TAX STATUS OF YOUR SECURITIES, NOT OF YOUR ACCOUNT.

DIVIDENDS

| DATE | DESCRIPTION | TAXABLE | NON-TAXABLE | COMMENT | AMOUNT |
|------|-------------|---------|-------------|---------|--------|
| 10/01/91 | BARNETT BANKS INC | $ 66.00 | | | $ 66.00 |
| | FORMERLY BARNETT BANK OF FLA | | | | |
| | CASH DIV ON 200 SHS | | | | |
| | RECORD 09/09/91 PAY 10/01/91 | | | | |
| 10/01/91 | FIRST CHICAGO CORP | 90.00 | | | 90.00 |
| | CASH DIV ON 200 SHS | | | | |
| | RECORD 09/06/91 PAY 10/01/91 | | | | |
| 10/01/91 | ROYAL DUTCH PTLN CO | 102.95 | | FOREIGN TAX WITHHELD $ 24.44 | 138.51 |
| | N V REGISTRY SH PAR N GLDR 5 | | | | |
| | NEW | | | | |
| | CASH DIV ON 90 SHS | | | | |
| | RECORD 09/9/91 PAY 10/03/91 | | | | |
| 10/10/91 | PHILIP MORRIS COS INC | 120.75 | | | 120.75 |
| | CASH DIV ON 230 SHS | | | | |
| | RECORD 09/16/91 PAY 10/10/91 | | | | |
| 10/15/91 | CHRYSLER CORP | 60.00 | | | 60.00 |
| | CASH DIV ON 400 SHS | | | | |
| | RECORD 09/6/91 PAY 10/15/91 | | | | |
| 10/24/91 | P N C FINANCIAL CORP | 58.30 | | | 58.30 |
| | CASH DIV ON 110 SHS | | | | |
| | RECORD 10/14/91 PAY 10/24/91 | | | | |
| 10/25/91 | BANKERS TRUST NEW YORK CORP | 76.20 | | | 76.20 |
| | CASH DIV ON 120 SHS | | | | |
| | RECORD 10/01/91 PAY 10/25/91 | | | | |

RECORD CREDITED TO ACCOUNT

| | | TAXABLE | NON-TAXABLE | | AMOUNT |
|---|---|---------|-------------|---|--------|
| TOTAL DIVIDENDS | | $ 634.20 | $ 0.00 | | $ 609.76 |
| FOREIGN TAX WITHHELD | | | | | 24.44 |
| TOTAL DIVIDENDS EARNED | | | | | $ 634.20 |

---

SLB STATEMENT FICHE
FOR INTERNAL USE ONLY

** R1 **

PREFERRED CLIENT STATEMENT
OCTOBER 1 - OCTOBER 31, 1991

SAM ANTAR

PAGE 8 OF 8

REF: 00001104 00004465

# SLB STATEMENT FICHE
## FOR INTERNAL USE ONLY

** R1** PAGE 8 OF 8

PREFERRED CLIENT STATEMENT

OCTOBER 1 - OCTOBER 31, 1991

SAM ANTAR

ACCOUNT NUMBER 119-08148-18  030

REF:  00001104  00004485

## MONEY FUNDS EARNINGS

| DATE | DESCRIPTION | TAXABLE | NON-TAXABLE | COMMENT | AMOUNT |
|------|-------------|---------|-------------|---------|--------|
| 07-01/91 | DREYFUS LIQUID ASSETS INC | $ 50.51 | | | $ 50.51 |
| | CASH DIV | | | | |
| | RECORD 09/30/91 PAY 09/30/91 | | | CREDITED TO ACCOUNT | |
| | TOTAL EARNINGS FROM MONEY FUNDS | $ 50.51 | $ 0.00 | | $ 50.51 |

## MONEY FUNDS DETAILS

ALL TRANSACTIONS ARE TRADED AT $1.00 PER SHARE.

## MONEY FUNDS ACTIVITY

| DATE | ACTIVITY | DESCRIPTION | QUANTITY | AMOUNT |
|------|----------|-------------|----------|--------|
| | OPENING MONEY FUNDS BALANCE | | | $ 4,714.99 |
| 07-01/91 | AUTOINVEST | DREYFUS LIQUID ASSETS INC | 110.50 | 110.50 |
| 07-02/91 | AUTOINVEST | DREYFUS LIQUID ASSETS INC | 206.51 | 206.51 |
| 07-03/91 | REDEMPTION | DREYFUS LIQUID ASSETS INC | 593.13 | -593.13 |
| 07-04/91 | AUTOINVEST | DREYFUS LIQUID ASSETS INC | 138.13 | 138.13 |
| 07-15/91 | AUTOINVEST | DREYFUS LIQUID ASSETS INC | 130.75 | 130.75 |
| 07-16/91 | REDEMPTION | DREYFUS LIQUID ASSETS INC | 356.79 | -356.79 |
| 07-17/91 | REDEMPTION | DREYFUS LIQUID ASSETS INC | 4,331.24 | -4,331.24 |
| | CLOSING MONEY FUNDS BALANCE | DREYFUS LIQUID ASSETS INC | | $ 0.00 |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : | Hon. Harold A. Ackerman |
| Plaintiff, | : | Civil Action No. 93-3988 (HAA) |
| | : | |
| v. | : | |
| SAM M. ANTAR, et al., | : | DECLARATION OF |
| | : | SAM M. ANTAR |
| Defendants. | : | |
| | : | |

SAM M. ANTAR, pursuant to 28 U.S.C. §1746, being of full age, hereby declares as follows:

1.      I am a defendant in the above-captioned action and submit this Declaration in opposition to plaintiff Securities and Exchange Commission's ("Commission") application to "reopen discovery."

2.      I have reviewed the papers submitted in support of the Commission's application. Therein, the Commission contends that the timing of transactions relating to my interests in certain properties is "suspicious" and "strongly suggests" that I was attempting "to conceal and dissipate assets to frustrate" any final judgment it might ultimately secure against me. These contentions are entirely false.

109664



PLAINTIFF'S EXHIBIT 34

3.     Contrary to the Commission's speculation, these transfers had nothing whatsoever to do either with this litigation or any final judgment the Commission ultimately might secure against me.  Instead, three of these transactions arose out of estate planning issues I began to consider two years ago at the suggestion of my insurance agent and in consultation with counsel.  The fourth transaction involved my wife's taking of a deed in lieu of foreclosure on certain property on which I once held the mortgage.  I assigned that mortgage to her in 1991 -- nearly two years prior to the commencement of this litigation.

4.     In 1996, I was 76 years old and undergoing treatment for advanced prostate cancer.  In addition, I had a severe heart condition and already had suffered two heart attacks in the past.  At about that time and under those circumstances, I began to seriously consider engaging in comprehensive estate planning.  I wanted to ensure an orderly transfer of my assets in the event my condition began to rapidly deteriorate or if I died suddenly.  I also wanted to ensure that upon my death, my wife was well provided for financially.  Accordingly, in or about 1996 I began consulting with tax counsel and other attorneys, among others, in order to develop and implement a comprehensive estate planning program.

5.     In its application, the Commission focuses on four transactions involving my interests in properties located at (1) 2146 East Third Street, Brooklyn, New York, (2) 2155 Route 22 West, Union, New Jersey, (3) 19667 Turnberry Way, Turnberry Isle, Florida, and (4) 51 Columbia Place, Brooklyn, New York.

6.     With respect to the transactions relating to the first three of these properties, each was directly related to my estate planning considerations and were entirely above-board.  I neither intended nor sought to conceal them from the Commission or anyone else

2

because I considered them then and view them today as straight forward and legitimate aspects of estate planning. As the exhibits to the Commission's own papers demonstrate, each of these transactions was the subject of proper disclosure by way of public filings.

7.     As for the Columbia Place property, that property was purchased on or about January 11, 1985 by Eveready Realty Associates ("Eveready"), a partnership in which I had a 25 percent interest. Eveready purchased the property subject to a mortgage in the amount of $243,750. On or about November 23, 1986, the mortgagees assigned that mortgage on the property to me.

8.     On or about July 19, 1990, Eveready made a mortgage relating to the Columbia Place property in the amount of $49,000 representing unpaid interest on the earlier mortgage. I was the mortgagee on that mortgage. This mortgage was combined with the initial mortgage on the property so as to constitute a single mortgage lien securing the principal of $285,000 plus interest.

9.     On or about November 20, 1991, I assigned this consolidated mortgage to my wife. More than five years later, on or about February 24, 1997, in the transaction the Commission focuses upon here, my wife took from Eveready a deed in lieu of foreclosure because Eveready was in default under the terms of the mortgage. As with the other three transactions, this transaction had nothing whatsoever to do with this litigation. It arose out of the mortgagor's default and indebtedness. Neither I nor my wife made any attempt to conceal this transaction. Indeed, as the exhibits to the Commission's own papers reflect, it was the subject of all required public disclosures and filings, including real estate transfer tax forms which were duly filed with the City and State of New York.

3

109664

10.     I also note that in its motion papers at page 2, the Commission asserts that in prior deposition testimony I testified that in or about 1994 I transferred approximately $1.2 million worth of my stock holdings to my wife.  There is no basis for this statement in the transcript excerpt attached to the motion papers.  I did not testify therein that this transfer occurred in 1994.

11.     In fact, to the best of my recollection, this transfer occurred in or about 1991-1992 -- well before the commencement of this litigation.

109664

# Amended Business Certificate

*The undersigned hereby certify that a certificate of doing business under the assumed name*

### EVEREADY REALTY ASSOCIATES

*for the conduct of business at*  c/o M & M Stores Inc. 1410 Kings Highway
Brooklyn, New York

*was filed in the office of the County Clerk* Kings *County, State of New York, on the* 15 *day of* May 19 85 *under index number* ; ~~that the last amended certificate was filed on the day of~~ ~~19~~ ~~in the office of the said County Clerk under index number.~~

It is hereby further certified that this amended certificate is made for the purpose of more accurately setting forth the facts recited in the original certificate or the last amended certificate and to set forth the following changes in such facts;*

#### Retiring Partner:

Ephraim Tawil
2117 East 26th Street
Brooklyn , New York 11229

#### Remaining Partners:

Moshe Levy
1410 Kings Highway,
Brooklyn, New York 11229

Mordechai Levy
1410 Kings Highway
Brooklyn, New York 11229

Sam Antar
2845 Coney Island Avenue
Brooklyn, New York 11229

**In Witness Whereof,** *the undersigned have this* 20th *day of* June 19 90 *made and signed this certificate.*

_____
Ephraim Tawil

_____

_____

_____

**State of New York, County of** KINGS **ss.:**

*On this* 20th *day of* June 1990 *, before me personally appeared*
Ephraim Tawil

*to me known and known to me to be the individual described in and who executed the foregoing certificate, and he thereupon duly acknowledged to me that he executed the same.*

abraham Shalk
ABRAHAM SHALK
NOTARY PUBLIC, STATE OF NEW YORK
Commission Expires february 27, 199.

* Set forth the residence address of each new partner, if any.

State of New York, County of KINGS    ss.:

On this 20th day of June, 19 90 before me personally appeared

MOSHE LEVY and MORDECHAI LEVY

to me known and known to me to be the individuals described in, and who executed the foregoing
certificate, and they thereupon they duly acknowledged to me that they executed the same.

Abraham Shalo

NOTARY PUBLIC, STATE OF NEW YORK
No. 14-9633360
Qualified in Kings County
Commission expires February 27, 1991

AUG 16 1990

FILED
1990 AUG 16 AM 11:49

BK E/4
PG 250
5/15/85
BF
INDEX No.

Amended Certificate

of

MOSHE LEVY
MORDECHI LEVY
SAM ANTAR

CONDUCTING BUSINESS UNDER
THE NAME OF

EVEREADY REALTY ASSOCIATES

Prepared by:
Abraham Shalo
Attorney at law
370 Seventh Avenue
New York, NY 10001
(212) 695-0700

STATE OF NEW YORK, COUNTY OF KINGS
     On this 20th day of June, 1990, before me personally
appeared SAM ANTAR, to me known and known to me to be the individual
described in and who executed the foregoing certificate and he
thereupon duly acknowledged to me that he executed the same.

Abraham Shalo

NOTARY PUBLIC, STATE OF NEW YORK
No. 14-9633360
Qualified in Kings County
Commission expires February 27, 1991

AUG 16 1990

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                        Plaintiff,<br><br>                vs.<br><br>SAM M. ANTAR, ALLEN ANTAR, and<br>BENJAMIN KUSZER,<br><br>                       Defendants,<br><br>           - and -<br><br>RORI ANTAR, SAM A. ANTAR, MICHELLE ANTAR,<br>ADAM KUSZER, SAM KUSZER, SIMON KUSZER,<br>ROSE ANTAR, and SAM M. ANTAR,<br><br>              Relief Defendants. | Civ. No. 93-3988<br>(NHP) |

THE SEC'S INITIAL DISCLOSURES
PURSUANT TO RULE 26(a)(1)

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil
Procedure, plaintiff Securities and Exchange Commission sets
forth its initial disclosures:

A.    The name, address, telephone number and subjects of
information of each individual likely to have discoverable
information relevant to disputed facts alleged with particularity
in the pleadings are:

1.    Allen Antar; 224 Park Avenue, Oakhurst, New Jersey
07755; (908) 870-8784; cash-skimming at Crazy Eddie, financial
fraud at Crazy Eddie in fiscal years 1985, 1986 and 1987,
comparable store fraud at Crazy Eddie through the deposit of
drafts issued by Bank Leumi Panama, comparable store fraud at
Crazy Eddie through the deposit of checks issued by Zazy

International, insider trading by the defendants, and sales of Crazy Eddie stock on behalf of relief defendants Rori Antar, Sam A. Antar and Michelle Antar.

2.    Deborah Rosen Antar; 2123 East Third Street, Brooklyn, New York 11223; cash-skimming at Crazy Eddie.

3.    Eddie Antar; c/o Metropolitan Correctional Center, Prisoner No. 13481050, 150 Park Row, New York, New York 10038; cash-skimming at Crazy Eddie, financial fraud at Crazy Eddie in fiscal years 1985, 1986 and 1987, comparable store fraud at Crazy Eddie through the deposit of drafts issued by Bank Leumi Panama, comparable store fraud at Crazy Eddie through the deposit of checks issued by Zazy International, and insider trading by the defendants.

4.    Eddy Antar; 1579 East Second Street, Brooklyn, New York 11230; (718) 645-1086, (718) 645-6698; cash-skimming at Crazy Eddie.

5.    Jill Antar; 224 Park Avenue, Oakhurst, New Jersey 07740; (908) 870-8784; cash-skimming at Crazy Eddie, defendant Allen Antar's sales of Crazy Eddie stock, and sales of Crazy Eddie stock on behalf of relief defendants Rori Antar, Sam A. Antar and Michelle Antar.

6.    Mitchell Antar; 20 Old Farm Road, Oakhurst, New Jersey 07755; (908) 870-8965; cash-skimming at Crazy Eddie, financial fraud at Crazy Eddie in fiscal years 1985, 1986 and 1987, comparable store fraud at Crazy Eddie through the deposit of drafts issued by Bank Leumi Panama, comparable store fraud at

2

Crazy Eddie through the deposit of checks issued by Zazy International, insider trading by the defendants, and sales of Crazy Eddie stock on behalf of relief defendants Rose Antar and Sam M. Antar.

7.    Robin Antar; 20 Old Farm Road, Oakhurst, New Jersey 07755; (908) 870-8965; cash-skimming at Crazy Eddie, and sales of Crazy Eddie stock on behalf of relief defendants Rose Antar and Sam M. Antar.

8.    Rose Antar; 717 Ocean Avenue, Apartment 710, West End, New Jersey 07740; (908) 229-3120; cash-skimming at Crazy Eddie, and Sam M. Antar's sales of Crazy Eddie stock.

9.    Sam E. Antar; 1485 East Fifth Street, Brooklyn, New York 11230; (718) 375-4878, (212) 629-0555; cash-skimming at Crazy Eddie, financial fraud at Crazy Eddie in fiscal years 1985, 1986 and 1987, comparable store fraud at Crazy Eddie through the deposit of drafts issued by Bank Leumi Panama, comparable store fraud at Crazy Eddie through the deposit of checks issued by Zazy International, and insider trading by the defendants.

10.    Sam M. Antar; 717 Ocean Avenue, Apartment 710, West End, New Jersey 07740; (908) 229-3120; cash-skimming at Crazy Eddie, financial fraud at Crazy Eddie in fiscal years 1985, 1986 and 1987, comparable store fraud at Crazy Eddie through the deposit of drafts issued by Bank Leumi Panama, comparable store fraud at Crazy Eddie through the deposit of checks issued by Zazy International, and insider trading by the defendants.

11.  Solomon Antar; 42 Falmouth Street, Brooklyn, New York 11235; (718) 934-1176; cash-skimming at Crazy Eddie, comparable store fraud at Crazy Eddie through the deposit of drafts issued by Bank Leumi Panama, and insider trading by the defendants.

12.  Jean Cocchiara; address and telephone unknown; comparable store fraud at Crazy Eddie through the deposit of checks issued by Zazy International.

13.  Sasson Cohen; R.F.D. 3, Box 158, Appleby Drive, Bedford, New York 10506; (914) 234-7856, (914) 234-9063; comparable store fraud at Crazy Eddie through the deposit of checks issued by Zazy International, and financial fraud at Crazy Eddie in fiscal year 1987.

14.  William Finneran; c/o Oppenheimer & Company, Oppenheimer Tower, World Financial Center, New York, New York 10281; (212) 667-7000; the defendants' sales of Crazy Eddie stock.

15.  Frances Frezzo; 10 Morsell Place, Oldbridge, New Jersey; comparable store fraud at Crazy Eddie through the deposit of checks issued by Zazy International.

16.  Eddie Gindi; deceased, videotaped testimony available; financial fraud at Crazy Eddie in fiscal years 1986 and 1987, and comparable store fraud at Crazy Eddie through the deposit of checks issued by Zazy International.

17.  Abraham Grinberg; 4 Jeffrey Lane, Long Branch, New Jersey 07764; (908) 870-3586; comparable store fraud at Crazy Eddie through the deposit of checks issued by Zazy International,

4

financial fraud at Crazy Eddie in fiscal year 1987, and insider trading by the defendants.

18. Isaac Kairey; 17 Valley Forge Road; Eatontown, New Jersey; (908) 870-3773; financial fraud at Crazy Eddie in fiscal year 1987.

19. Benjamin Kuszer; 2128 East Third Street, Brooklyn, New York 11223, 210 Maplewood Avenue, Oakhurst, New Jersey 07755; (718) 265-3812, (908) 229-4259, (908) 998-6191; cash-skimming at Crazy Eddie, financial fraud at Crazy Eddie in fiscal years 1985, 1986 and 1987, comparable store fraud at Crazy Eddie through the deposit of drafts issued by Bank Leumi Panama, comparable store fraud at Crazy Eddie through the deposit of checks issued by Zazy International, insider trading by the defendants, and sales of Crazy Eddie stock on behalf of Adam Kuszer, Sam Kuszer and Simon Kuszer.

20. Ellen Antar Kuszer; 2128 East Third Street Brooklyn, New York 11223, 210 Maplewood Avenue, Oakhurst, New Jersey 07755; (718) 265-3812, (908) 229-4259; cash-skimming at Crazy Eddie, sales of Crazy Eddie stock by Benjamin Kuszer, and sales of Crazy Eddie stock on behalf of Adam Kuszer, Sam Kuszer and Simon Kuszer.

21. Edmund Levy; address and telephone number unknown; cash-skimming at Crazy Eddie.

22. Robert Marmon; 339 North Latches Lanes, Merion Station, Pennsylvania 19066; (610) 667-5977; financial fraud at Crazy Eddie in fiscal year 1987.

5

23.  Kathleen Morin; address and telephone number unknown; financial fraud at Crazy Eddie in fiscal years 1986 and 1987.

24.  David Neiderbach; 58 Tara Drive, East Hills, New York; (516) 484-1808; cash-skimming at Crazy Eddie, and financial fraud at Crazy Eddie in fiscal years 1985, 1986 and 1987.

25.  Dov Nivron; address unknown; 011-972-3-45-8428; cash-skimming at Crazy Eddie.

26.  David Panoff; 101 Aupua Street, Apartment 419, Hilo, Hawaii 96720; (808) 935-7232; financial fraud at Crazy Eddie in fiscal years 1985, 1986 and 1987.

27.  Ronald Portnoy; 55 Coves Run; Syosset, New York 17791; (516) 624-9560; financial fraud at Crazy Eddie in fiscal year 1987.

28.  Lee Rosen; c/o Shearson Lehman Brothers Inc., 388 Greenwich Street, New York, New York 10013; (212) 298-2000; defendants' sales of Crazy Eddie stock.

29.  Lillian Rosen; 12 Village Road East, Brooklyn, New York 11223; (718) 645-0247; cash-skimming at Crazy Eddie.

30.  Leonard Rubin; 4 Fox Court, Oyster Bay Cove, New York; (516) 922-9538; financial fraud at Crazy Eddie in fiscal years 1986 and 1987.

31.  Theodore Serure; 816 Avenue J, Brooklyn, New York 11230; c/o Bear, Stearns & Company, 245 Park Avenue, New York, New York 10167; (212) 272-2000; defendants' sales of Crazy Eddie stock.

32.  Arnold Spindler; 3802 Garden Court, Peekskill, New York 10566; (914) 739-3333; cash-skimming at Crazy Eddie, financial fraud at Crazy Eddie in fiscal years 1985, 1986 and 1987, and insider trading by the defendants.

33.  Jacob Tambor; 164 Beach 147th Street; Belle Harbor, New York; (718) 318-2945; comparable store fraud at Crazy Eddie through the deposit of checks issued by Zazy International, and financial fraud at Crazy Eddie in fiscal year 1987.

34.  Jeffrey Zell; 3088 Bedford Avenue, Brooklyn, New York 11210; Allen Antar's representations to the Internal Revenue Service as to the dates when he was a guest of Caesar's Palace in Las Vegas, Nevada, defendants' sales of Crazy Eddie stock, and financial information pertaining to the defendants.

35.  Carl Zimel; address and telephone number unknown; comparable store fraud at Crazy Eddie through the deposit of checks issued by Zazy International.

B.  All documents, data compilations, and tangible things in the possession, custody or control of the SEC that are relevant to disputed facts alleged with particularity in the pleadings (other than privileged documents) are contained in the SEC's investigative and litigation files pertaining to the Crazy Eddie, Inc. matter.  The parties are hereby invited to the SEC's offices in Washington, D.C. for an inspection of the investigative and litigation files.  In addition to the foregoing, the SEC describes the following documents:

7

1.    Account records from Bank Leumi le-Israel, B.M. pertaining to accounts nos. 31332 and 12245, among others; located in the SEC's investigative and litigation files.

2.    Crazy Eddie Form S-1 registration statements, filed with the SEC in May 1984, September 1984, March 1985 and March 1986; located in the SEC's investigative and litigation files.

3.    Crazy Eddie Reports on Form 10-K for fiscal years 1985, 1986 and 1987; located in the SEC's investigative and litigation files.

4.    Wren invoices, Crazy Eddie purchase orders, Wren shipping orders, and related documents, dated February, March and April 1986; located in the SEC's investigative and litigation files.

5.    List of inflated inventory items, prepared by David Neiderbach in March 1986; located in the SEC's investigative and litigation files.

6.    The first page of a "To Whom It May Concern Letter," dated April 7, 1987, prepared by Caesar's Palace, pertaining to Allen Antar's stays, play and losses at the hotel/casino; located in the SEC's investigative and litigation files.

7.    Bank Leumi Israel transfer memorandum, dated February 27, 1986, reflecting the transfer of $1,500,000 from account no. 13299, in the name of Eddie Antar, to an account at Bank Leumi Panama, in the name of "Aeronautics Traders Corporation;" located in the SEC's investigative and litigation files.

8

8. Drafts dated February 28, 1986, issued by Bank Leumi Panama to Crazy Eddie; located in the SEC's investigative and litigation files.

9. Crazy Eddie press release dated March 6, 1986: "Crazy Eddie Final Quarter Sales up 52.2%, Same Store Sales Gain by 14%, 10 New Stores Planned for Fiscal '87;" located in the SEC's investigative and litigation files.

10. Checks dated from May 1986 to January 1987, issued by Zazy International to Crazy Eddie; located in the SEC's investigative and litigation files.

11. Crazy Eddie store receipts and attachments, dated August and September 1986, for purported sales to Zazy International; located in the SEC's investigative and litigation files.

12. Portions of nontaxable receipts books for Crazy Eddie stores, dated August and September 1986; located in the SEC's investigative and litigation files.

13. Crazy Eddie computer print-outs dated September 1986, and entitled "Crazy Eddie & Subsidiaries Nontaxable Sales & Analysis;" located in the SEC's investigative and litigation files.

14. Crazy Eddie Forms 10-Q for the quarters ended June 1, 1986, August 31, 1986 and November 30, 1986; located in the SEC's investigative and litigation files.

15. Debit memos nos. 1070, 1112, 1127, 1087, 1071, 1115, 1078, 1041, 1067, 1037, 1086, 1018, 1068, 1060, 1019, 1084, 1057,

1050, 1036, 1053, and 1023, dated various dates in February 1987, prepared by Arnold Spindler; located in the SEC's investigative and litigation files.

16.  Wren invoices, Wren shipping orders, and related documents, dated February and March 1987; located in the SEC's investigative and litigation files.

17.  Summary inventory run as of March 1, 1987 for the Crazy Eddie store known as Gabrielle-East Brunswick; located in the SEC's investigative and litigation files.

18.  Power of attorney, dated March 13, 1985, pertaining to the sale of certain Crazy Eddie stock to a group of underwriters; located in the SEC's investigative and litigation files.

C.  Computations of the amounts of disgorgement claimed by the SEC are as follows:

### 1.   Sam M. Antar:

| Date | Sale Price | Amount Above Disclosure Price | Number of Shares Sold | Illegal Profits |
|------|-----------|------------------------------|----------------------|-----------------|
| 9/13/84 | $8.00 | $4.00 | 300,000 | $1,200,000 |
| 3/20/85 | 21.00 | 17.00 | 150,000 | 2,550,000 |
| 10/10/85 | 12.00 | 10.00 | 450,000 | 4,500,000 |
| 2/19/86 | 26.00 | 24.00 | 10,000 | 240,000 |
| 2/20/86 | 26.00 | 24.00 | 50,000 | 1,200,000 |
| 3/14/86 | 25.23 | 23.23 | 200,000 | 4,646,000 |
| 9/30/86 | 35.75 | 33.75 | 25,000 | 843,750 |
| 9/30/86 | 35.75 | 33.75 | 1,600 | 54,000 |
| 1/20/87 | 4.94 | 3.94 | 3,000 | 11,820 |
| 1/21/87 | 2.07 | 1.07 | 2,000 | 2,140 |
| 10/22/87 | 3.00 | 2.00 | 17,000 | 34,000 |
| 10/27/87 | 2.25 | 1.25 | 10,000 | 12,500 |
| 10/27/87 | 2.38 | 1.38 | 9,000 | 12,420 |
| 10/27/87 | 2.13 | 1.13 | 15,700 | 17,741 |
| 10/27/87 | 2.13 | 1.13 | 3,200 | 3,616 |
| **TOTALS** | | | 1,246,500 | $15,327,987 |

The amount of disgorgement above does not include a component for the prejudgment interest that the SEC seeks against Sam M. Antar.  The SEC has computed the amount of prejudgment interest to be approximately $18,668,863.

11

## 2. Allen Antar:

| Date | Sale Price | Amount Above Disclosure Price | Number of Shares Sold | Illegal Profits |
|------|-----------|------------------------------|----------------------|-----------------|
| 3/13/85 | $21.00 | $17.00 | 50,000 | $850,000 |
| 2/20/86 | 22.00 | 20.00 | 20,500 | 410,000 |
| 12/22/86 | 12.00 | 11.00 | 66,667 | 733,337 |
| 12/24/86 | 11.78 | 10.78 | 66,667 | 718,670 |
| TOTALS | | | 203,834 | $2,712,007 |

The amount of disgorgement above does not include a component for the prejudgment interest that the SEC seeks against Allen Antar. The SEC has computed the amount of prejudgment interest to be approximately $3,061,316.

In addition, the SEC has obtained information concerning additional sales of Crazy Eddie stock by Allen Antar. These additional sales -- and correspondingly higher amounts of disgorgement and prejudgment interest -- may be the subject of an amended complaint.

## 3. Benjamin Kuszer:

| Date | Sale Price | Amount Above Disclosure Price | Number of Shares Sold | Illegal Profits |
|------|-----------|------------------------------|----------------------|-----------------|
| 3/20/85 | $21.00 | $17.00 | 50,000 | $850,000 |
| TOTAL | | | 50,000 | $850,000 |

12

The amount of disgorgement above does not include a component for the prejudgment interest that the SEC seeks against Benjamin Kuszer. The SEC has computed the amount of prejudgment interest to be approximately **$1,167,257.**

In addition, the SEC has obtained information concerning additional sales of Crazy Eddie stock by Benjamin Kuszer. These additional sales -- and correspondingly higher amounts of disgorgement and prejudgment interest -- may be the subject of an amended complaint.

### 4. Relief Defendants:

| Name | Sale Price | Amount Above Disclosure Price | Number of Shares Sold | Illegal Profits |
|------|-----------|------------------------------|----------------------|-----------------|
| Rori | $21.00 | 17.00 | 25,000 | $425,000 |
| Michelle | 21.00 | 17.00 | 25,000 | 425,000 |
| Sam A. Antar | 21.00 | 17.00 | 25,000 | 425,000 |
| Adam | 21.00 | 17.00 | 25,000 | 425,000 |
| Sam Kuszer | 21.00 | 17.00 | 25,000 | 425,000 |
| Simon | 21.00 | 17.00 | 25,000 | 425,000 |
| Rose | 21.00 | 17.00 | 45,000 | 765,000 |
| Sam M. Antar | 21.00 | 17.00 | 45,000 | 765,000 |
| **TOTALS** | | | **240,000** | **$4,080,000** |

The amount of disgorgement above does not include a component for the prejudgment interest that the SEC seeks against

13

the relief defendants.  The SEC has computed the aggregate amount of prejudgment interest applicable to all the relief defendants to be approximately **$5,602,834.**

D.  The existence or non-existence of any insurance agreements is irrelevant to this action.  Any payments made by a person carrying on an insurance business will not be construed as satisfying, in whole or in part, the disgorgement obligations of the defendants or relief defendants.

Dated:  April 18, 1994            Respectfully submitted,

Richard E. Simpson RS5859
James G. Dix
Attorneys for Plaintiff
Securities and Exchange
  Commission
450 Fifth Street, N.W.
Mail Stop 4-2
Washington, D.C. 20549
(202) 942-4791

14

ORIGINAL

898

1    UNITED STATES DISTRICT COURT
     DISTRICT OF NEW JERSEY
2            CIVIL NO. 93-3988

3    - - - - - - - - - - - - - -

SECURITIES and EXCHANGE          :
4    COMMISSION,

5            Plaintiffs,          :
                                        DEPOSITION UPON
6        vs.                      :     ORAL EXAMINATION
                                            OF
7    SAM M. ANTAR, ALLEN ANTAR,   :     SAM M. ANTAR
     and BENJAMIN KUSZER,
8
             Defendants.          :
9
         -and-                    :
10
     RORI ANTAR, SAM A. ANTAR,    :
11   MICHELLE ANTAR, ADAM KUSZER,
     SAM KUSZER, SIMON KUSZER,    :
12   ROSE ANTAR and SAM M. ANTAR,
     - - - - - - - - - - - - - -
13

14           T R A N S C R I P T  of the stenographic

15   notes of LYNN A. RUGGIRO, a Notary Public and Certified

16   Shorthand Reporter of the State of New Jersey, at the

17   Federal Courthouse, Courtroom No. 6, Newark, New Jersey,

18   on Tuesday, January 3, 1995, commencing at 10:00 A.M.

19

20

21

22

23

24           FEDERAL COURT REPORTERS-N.J.
                  P.O. BOX 22363
25              NEWARK, NEW JERSEY
                  (201) 994-2940

Antar - direct                                                    948

1    amount would you put in there?

2              MS. KENEALLY:   Objection to form.

3         You can answer the question.

4         The question is what are your total assets today.

5    That's the question, right?

6    A.    It's very simple.  In the vicinity of -- could be

7    anywhere -- it's all according to how you figure it.  I

8    got properties and stuff like that, anywhere from

9    between six and eight million dollars.

10            Q.    Now, did you pay tax on the proceeds of

11   your sales of Crazy Eddie stock?

12   A.    Yes.

13            Q.    Okay.

14        Other than Please, Thank You, Light Power and the

15   other one that you can't remember that you invested

16   $450,000 in -- well, strike that.  Let me ask this

17   question.

18        The $450,000 that you invested in this other

19   venture, did you ever get any of that money back?

20   A.    Not a dollar.

21            Q.    Is that venture still in operation?

22   A.    No, went bankrupt.

23            Q.    Now, other than Please, Thank You, Light

24   Power and the other venture that you lost approximately

25   $450,000, was there any other business in which you've

Antar - direct

982

1    that you've paid for in connection with the criminal

2    case is about two million dollars?

3    A.    Yeah, well, all tolled with the criminal case

4    before, you know what I mean, whatever odds and ends

5    make it will come out to more, I don't know.  I never

6    added it up.

7         Q.    And was Mr. Arseneau also paid with the

8    arrangement with Mr. Graviden?

9    A.    Yes.

10        Yeah, there's supposed to be two million a --

11   rather a million to the judge who is holding that.  He's

12   supposed to release it.

13        Now, when he releases that, I'm supposed to get

14   it back.  You know I'm just dreaming, you know.

15             MR. SIMPSON: Let's have this marked as the

16   next exhibit.

17             (Exhibit SEC-118 marked for identification,

18   Surety of Property.)

19        Q.    Mr. Antar, I show you what's been marked as

20   SEC-118.  It's kind of a bad copy but is that your

21   signature at the bottom of the document?

22   A.    It looks like it.

23        I don't know.  This is a very funny one.  This is

24   the first one that I've seen.  Okay.

25             Q.    Well, did you execute an affidavit at the

Antar - direct                                                    983

1    time that you posted certain property to secure Mitchell

2    and Allen's bail at the criminal trial?

3    A.    I don't know.  I don't remember.  I really don't.

4    I honestly don't remember this.  I do not remember this.

5          Now, what is this supposed to be now?  What is

6    it?

7          Q.    The document purports to be a surety of

8    certain property that was posted.

9    A.    For?

10         Q.    Bail.

11   A.    For the bail, yes, yes, yes.  Okay, yes.

12         Q.    Did you sign such a surety at the time that

13   Mitchell and Allen posted bail?

14   A.    I must have.  This doesn't look like my

15   signature, because I would sign anything.

16         Q.    Okay.

17   A.    When it comes for your sons, you'd do it too.

18         Q.    Do you recall in fact signing a surety

19   affidavit or declaration?

20   A.    I don't remember.  I really don't remember, but

21   evidently I must have signed it.

22         Q.    Okay.

23         This document seems to indicate that the

24   signatory, Sam Antar it says apparently signed it

25   yourself but it's -- the form is drafted to assume that

Antar – direct

984

1   the person that signs it is married, but it says Sam

2   Antar, the surety, own the annexed recognizance being

3   duly sworn depose and say that they are married and over

4   the age of 21 years and reside at 717 Ocean Avenue in

5   the City of West End in said district; that they are

6   Freeholders in the County of Monmouth, that they are

7   worth the sum of eight million dollars plus over and

8   above their just debts and liabilities.  Then it goes

9   on.

10  A.      Uh-huh.

11          Q.      Is that a correct statement that as of June

12  of 1992, you were worth eight million dollars above your

13  just debts and liabilities?

14  A.      That's very, very close, very, very close.  It's

15  perfect.

16          Q.      Okay.

17          Then there is a line that says cash in the bank,

18  three million five hundred thousand dollars.

19  A.      No, that -- I don't know.  I don't know.  I don't

20  know.  That I don't know.

21          Q.      Did you have 3.5 million dollars cash in

22  the bank in June of  1992?

23  A.      I don't believe -- I don't know, I really don't

24  know.  I really don't know.  Maybe, maybe, that's the

25  time we sold -- my wife, I forced her to sell the stock,